**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| WOLFE AUTOMOTIVE GROUP, L.L.C. and JAY WOLFE USED CARS OF BLUE SPRINGS, LLC,<br><br>Plaintiffs/Counterclaim Defendants,<br><br>v.<br><br>UNIVERSAL UNDERWRITERS INSURANCE COMPANY,<br><br>Defendant/Counterclaim Plaintiff. | ) | Case No. 4:13-cv-00863-HFS |

**ANSWER AND FIRST AMENDED COUNTERCLAIM**

COMES NOW Defendant/Counterclaim Plaintiff Universal Underwriters Insurance Company ("Universal"), by and through its undersigned counsel, and for its Answer to the First Amended Complaint filed by Plaintiffs/Counterclaim Defendants Wolfe Automotive Group, L.L.C. and Jay Wolfe Used Cars of Blue Springs, LLC (collectively referred to as "Jay Wolfe"), and for its First Amended Counterclaim, and states as follows:

**Parties**

1. Universal admits the allegations contained in Paragraph 1 of Jay Wolfe's First Amended Complaint.

2. Universal is without sufficient information to admit the allegations contained in Paragraph 2 of Jay Wolfe's First Amended Complaint, and therefore, denies same.

3. Universal is without sufficient information to admit the allegations contained in Paragraph 3 of Jay Wolfe's First Amended Complaint, and therefore, denies same.

4. Universal admits the allegations contained in Paragraph 4 of Jay Wolfe's First Amended Complaint.

## Jurisdiction and Venue

5. Universal states that the allegations contained in Paragraph 5 of Jay Wolfe's First Amended Complaint constitute a legal conclusion to which no response is required. To the extent a response is deemed necessary, said allegations are denied.

6. Universal states that the allegations contained in Paragraph 6 of Jay Wolfe's First Amended Complaint constitute a legal conclusion to which no response is required. To the extent a response is deemed necessary, said allegations are denied.

## General Factual Allegations Applicable to All Counts

7. Universal states that the allegations contained in Paragraph 7 of Jay Wolfe's First Amended Complaint constitute a legal conclusion to which no response is required. To the extent a response is deemed necessary, said allegations are denied.

8. Universal admits that an actual justiciable controversy exists as set forth in its First Amended Counterclaim, but denies the remaining allegations contained in Paragraph 8 of Jay Wolfe's First Amended Complaint.

9. Universal states the allegations contained in Paragraph 9 of Jay Wolfe's First Amended Complaint constitute a legal conclusion to which no response is required. To the extent a response is deemed necessary, said allegations are denied.

10. Universal is not aware of any other litigation between the parties other than Jay Wolfe's First Amended Complaint and Universal's First Amended Counterclaim.

11. Universal states that the allegations contained in Paragraph 11 of Jay Wolfe's First Amended Complaint constitute a legal conclusion to which no response is required. To the extent a response is deemed necessary, said allegations are denied.

**Universal's Insurance Policy**

12. Universal admits that it issued insurance policies 279210N and 279211N with effective dates of April 30, 2012 to April 30, 2013. Universal also states that true and accurate copies of the policies are attached as *Exhibits A and B* to this Answer and First Amended Counterclaim. Except as expressly admitted herein, Universal denies the allegations contained in Paragraph 12 of Jay Wolfe's First Amended Complaint.

**The Underlying Litigation**

***Jay Wolfe Used Cars of Blue Springs, LLC v. Jackson***

13. Universal states that the Complaint attached as Exhibit 2 to Jay Wolfe's First Amended Complaint is the best evidence of the allegations contained therein. Universal denies any allegations contained in Paragraph 13 of Jay Wolfe's First Amended Complaint to the extent that they are inconsistent with the Complaint.

14. Universal states that the Joint Answer and Counterclaim attached as Exhibit 3 to Jay Wolfe's First Amended Complaint is the best evidence of the allegations contained therein. Universal denies any allegations contained in Paragraph 14 of Jay Wolfe's First Amended Complaint to the extent that they are inconsistent with the Joint Answer and Counterclaim.

15. Universal states that the Joint Answer and Counterclaim attached as Exhibit 3 to Jay Wolfe's First Amended Complaint is the best evidence of the allegations contained therein. Universal denies any allegations contained in Paragraph 15 of Jay Wolfe's First Amended Complaint to the extent that they are inconsistent with the Joint Answer and Counterclaim.

16. Universal states that the Joint Answer and Counterclaim attached as Exhibit 3 to Jay Wolfe's First Amended Complaint is the best evidence of the allegations contained therein. Universal denies any allegations contained in Paragraph 16 of Jay Wolfe's First Amended Complaint to the extent that they are inconsistent with the Joint Answer and Counterclaim.

**Count I of the Counterclaim**

17. Universal states that the Counterclaim attached as Exhibit 3 to Jay Wolfe's First Amended Complaint is the best evidence of the allegations contained therein. Universal denies any allegations contained in Paragraph 17 of Jay Wolfe's First Amended Complaint to the extent that they are inconsistent with the Counterclaim.

18. Universal states that the Counterclaim attached as Exhibit 3 to Jay Wolfe's First Amended Complaint is the best evidence of the allegations contained therein. Universal denies any allegations contained in Paragraph 18 of Jay Wolfe's First Amended Complaint to the extent that they are inconsistent with the Counterclaim.

19. Universal states that the Counterclaim attached as Exhibit 3 to Jay Wolfe's First Amended Complaint is the best evidence of the allegations contained therein. Universal denies any allegations contained in Paragraph 19 of Jay Wolfe's First Amended Complaint to the extent that they are inconsistent with the Counterclaim.

20. Universal states that the "Post-sale notice" is the best evidence of the allegations contained therein. Universal denies any allegations contained in Paragraph 20 of Jay Wolfe's First Amended Complaint to the extent that they are inconsistent with the "Post-sale notice."

21. Universal states that the Counterclaim attached as Exhibit 3 to Jay Wolfe's First Amended Complaint is the best evidence of the allegations contained therein. Universal denies

any allegations contained in Paragraph 21 of Jay Wolfe's First Amended Complaint to the extent that they are inconsistent with the Counterclaim.

22. Universal states that the Counterclaim attached as Exhibit 3 to Jay Wolfe's First Amended Complaint is the best evidence of the allegations contained therein. Universal denies any allegations contained in Paragraph 22 of Jay Wolfe's First Amended Complaint to the extent that they are inconsistent with the Counterclaim.

**Count II of the Counterclaim**

23. Universal states that the Counterclaim attached as Exhibit 3 to Jay Wolfe's First Amended Complaint is the best evidence of the allegations contained therein. Universal denies any allegations contained in Paragraph 23 of Jay Wolfe's First Amended Complaint to the extent that they are inconsistent with the Counterclaim.

24. Universal states that the Counterclaim attached as Exhibit 3 to Jay Wolfe's First Amended Complaint is the best evidence of the allegations contained therein. Universal denies any allegations contained in Paragraph 24 of Jay Wolfe's First Amended Complaint to the extent that they are inconsistent with the Counterclaim.

25. Universal states that the Counterclaim attached as Exhibit 3 to Jay Wolfe's First Amended Complaint is the best evidence of the allegations contained therein. Universal denies any allegations contained in Paragraph 25 of Jay Wolfe's First Amended Complaint to the extent that they are inconsistent with the Counterclaim.

26. Universal states that the Counterclaim attached as Exhibit 3 to Jay Wolfe's First Amended Complaint is the best evidence of the allegations contained therein. Universal denies any allegations contained in Paragraph 26 of Jay Wolfe's First Amended Complaint to the extent that they are inconsistent with the Counterclaim.

27. Universal states that the Counterclaim attached as Exhibit 3 to Jay Wolfe's First Amended Complaint is the best evidence of the allegations contained therein. Universal denies any allegations contained in Paragraph 27 of Jay Wolfe's First Amended Complaint to the extent that they are inconsistent with the Counterclaim.

28. Universal admits that it received a copy of the Counterclaim and that Jay Wolfe has requested that Universal defend it in the Underlying Litigation. Universal states that the remaining allegations contained in Paragraph 28 of Jay Wolfe's First Amended Complaint, and specifically, the allegation "as required by the policy" constitute a legal conclusion to which no response is required. To the extent a response is deemed necessary, said allegations are denied. Except as expressly admitted herein, Universal denies the allegations contained in Paragraph 28 of Jay Wolfe's First Amended Complaint.

29. Universal admits that it responded by letter dated November 6, 2012 and further states that the letter is the best evidence of the contents contained therein. Universal denies the allegations contained in Paragraph 29 of Jay Wolfe's First Amended Complaint to the extent that they are inconsistent with the letter. Additionally, Universal states that Jay Wolfe has failed to accurately and completely quote the letter. Except as expressly admitted herein, Universal denies the allegations contained in Paragraph 29 of Jay Wolfe's First Amended Complaint.

30. Universal admits that it responded by letter dated June 25, 2012 and further states that the letter is the best evidence of the contents contained therein. Universal denies the allegations contained in Paragraph 30 of Jay Wolfe's First Amended Complaint to the extent that they are inconsistent with the letter. Additionally, Universal states that Jay Wolfe has failed to completely quote the letter. Except as expressly admitted herein, Universal denies the allegations contained in Paragraph 30 of Jay Wolfe's' First Amended Complaint.

31. Universal states that the allegations contained in Paragraph 31 of Jay Wolfe's First Amended Complaint are vague and ambiguous as to what constitutes a "full defense" and further states that the allegations contained in Paragraph 31 of Jay Wolfe's First Amended Complaint constitute a legal conclusion to which no response is required. To the extent a response is deemed necessary, Universal denies that it has denied a defense to Jay Wolfe. Rather, Universal has offered to provide a defense pursuant to Coverage Part 500, CUSTOMER COMPLAINT DEFENSE of Policy Number 279210N. In accordance with the terms and conditions of Policy Number 279210N, this is a defense-type only coverage that does not provide indemnity coverage for any potential verdict. The Policy limits for CUSTOMER COMPLAINT DEFENSE are Twenty Five Thousand Dollars ($25,000.00), subject to a deductible of Two Thousand Five Hundred Dollars ($2,500.00). In addition, there is a One Hundred Thousand Dollar ($100,000.00) Large Program Deductible in the Policy which applies before the maintenance deductible is triggered. Except as expressly admitted herein, Universal denies the allegations contained in Paragraph 31 of Jay Wolfe's' First Amended Complaint.

**The Policy**

32. Universal denies the allegations contained in Paragraph 32 of Jay Wolfe's First Amended Complaint.

33. Universal denies the allegations contained in Paragraph 33 of Jay Wolfe's First Amended Complaint.

34. Universal states that the allegations contained in Paragraph 34 of Jay Wolfe's First Amended Complaint constitute a legal conclusion to which no response is required. To the extent a response is deemed necessary, said allegations are denied.

35. Universal denies the allegations contained in Paragraph 35 of Jay Wolfe's First Amended Complaint.

36. Universal admits that Coverage Part 660 contains the definition set forth in Paragraph 36 of Jay Wolfe's First Amended Complaint. Except as expressly admitted herein, Universal denies the allegations contained in Paragraph 36 of Jay Wolfe's First Amended Complaint.

37. Universal denies the allegations contained in Paragraph 37 of Jay Wolfe's First Amended Complaint.

**Count I - Declaration of Rights Under the Policy**

38. Universal incorporates its responses to Paragraphs 1-37 of Jay Wolfe's First Amended Complaint as if fully set forth herein.

39. Universal admits that Jay Wolfe has brought this action as a Declaratory Judgment. Except as expressly admitted herein, Universal denies the allegations contained in Paragraph 39 of Jay Wolfe's First Amended Complaint.

40. Universal admits that an actual justiciable controversy exists as set forth in its First Amended Counterclaim, but denies the remaining allegations contained in Paragraph 40 of Jay Wolfe's First Amended Complaint.

41. Universal denies the allegations contained in Paragraph 41 of Jay Wolfe's First Amended Complaint.

42. Universal denies the allegations contained in Paragraph 42 of Jay Wolfe's First Amended Complaint.

43. Universal denies the allegations contained in Paragraph 43 of Jay Wolfe's First Amended Complaint.

44. Universal denies the allegations contained in Paragraph 44 of Jay Wolfe's First Amended Complaint.

45. Universal states that Coverage Part 500, CUSTOMER COMPLAINT DEFENSE, is the only applicable coverage under Policy Number 279210N for the claims asserted in the Underlying Litigation. Except as expressly admitted herein, Universal denies the allegations contained in Paragraph 45 of Jay Wolfe's First Amended Complaint.

46. Universal admits that a declaratory judgment is necessary as set forth in its First Amended Counterclaim, but denies the remaining allegations contained in Paragraph 46 of Jay Wolfe' First Amended Complaint.

WHEREFORE having fully responded to each of the allegations contained in Count I of Jay Wolfe's First Amended Complaint, Universal respectfully requests that the Court dismiss Count I of Jay Wolfe's First Amended Complaint, award Universal its costs incurred herein, and for such other and further relief as the Court deems just and proper under the circumstances.

**Count II - Breach of Contract: Failure to Defend**

47. Universal incorporates its responses to Paragraphs 1-46 of Jay Wolfe's First Amended Complaint as if fully set forth herein.

48. Universal states that the allegations contained in Paragraph 48 of Jay Wolfe's First Amended Complaint constitute a legal conclusion to which no response is required. To the extent a response is deemed necessary, said allegations are denied.

49. Universal denies the allegations contained in Paragraph 49 of Jay Wolfe's First Amended Complaint.

50. Universal denies the allegations contained in Paragraph 50 of Jay Wolfe's First Amended Complaint.

51. Universal denies the allegations contained in Paragraph 51 of Jay Wolfe's First Amended Complaint.

WHEREFORE having fully responded to each of the allegations contained in Count II of Jay Wolfe's First Amended Complaint, Universal respectfully requests that the Court dismiss Count II of Jay Wolfe's First Amended Complaint, award Universal its costs incurred herein, and for such other and further relief as the Court deems just and proper under the circumstances.

**Count III - Breach of Contract: Failure to Indemnify**

52. Universal incorporates its responses to Paragraphs 1-51 of Jay Wolfe's First Amended Complaint as if fully set forth herein.

53. Universal denies the allegations contained in Paragraph 53 of Jay Wolfe's First Amended Complaint.

54. Universal denies the allegations contained in Paragraph 54 of Jay Wolfe's First Amended Complaint.

WHEREFORE having fully responded to each of the allegations contained in Count III of Jay Wolfe's First Amended Complaint, Universal respectfully requests that the Court dismiss Count III of Jay Wolfe's First Amended Complaint, award Universal its costs incurred herein, and for such other and further relief as the Court deems just and proper under the circumstances.

**Count IV - Vexatious Refusal to Pay**

55. Universal incorporates its responses to Paragraphs 1-54 of Jay Wolfe's First Amended Complaint as if fully set forth herein.

56. Universal denies the allegations contained in Paragraph 56 of Jay Wolfe's First Amended Complaint.

57. Universal denies the allegations contained in Paragraph 57 of Jay Wolfe's First Amended Complaint.

58. Universal denies the allegations contained in Paragraph 58 of Jay Wolfe's First Amended Complaint.

WHEREFORE having fully responded to each of the allegations contained in Count IV of Jay Wolfe's First Amended Complaint, Universal respectfully requests that the Court dismiss Count IV of Jay Wolfe's First Amended Complaint, award Universal its costs incurred herein, and for such other and further relief as the Court deems just and proper under the circumstances.

**AFFIRMATIVE DEFENSES**

1. Further answering and for its First Affirmative Defense, Universal states that Jay Wolfe's First Amended Complaint fails to state a claim upon which relief can be granted.

2. Further answering and for its Second Affirmative Defense, Universal states it is entitled to any and all claims asserted in Universal's First Amended Counterclaim for Declaratory Judgment and that said claims are hereby incorporated in this Answer by reference herein.

3. Further answering and for its Third Affirmative Defense, Universal states that the only applicable coverage under Policy Number 279210N with effective dates of April 30, 2012 to April 30, 2013, for the claims asserted in the Underlying Litigation, is Coverage Part 500, CUSTOMER COMPLAINT DEFENSE. Accordingly, Policy Number 279210N only obligates Universal to provide defense costs totaling Twenty Five Thousand Dollars ($25,000.00), subject to a deductible of Two Thousand Five Hundred Dollars ($2,500.00) to Jay Wolfe for the claims asserted in the Underlying Litigation. In addition, there is a One Hundred Thousand Dollar ($100,000.00) Large Program Deductible which applies before the maintenance deductible is triggered.

4. Further answering and for its Fourth Affirmative Defense, Universal states that Coverage Part 980 contained in Policy Number 279211N specifically excludes CUSTOMER COMPLAINT DEFENSE.

5. Further answering and for its Fifth Affirmative Defense, Universal states that Jay Wolfe has failed to properly plead Vexatious Refusal to Pay and/or there is insufficient evidence to show willful and vexatious conduct, and as a result, Jay Wolfe's claim for Vexatious Refusal to Pay fails to state a claim upon which relief can be granted.

6. Further answering and for its Sixth Affirmative Defense, Universal states that *assuming arguendo* that Jay Wolfe has properly pled Vexatious Refusal to Pay, Universal acted reasonably and in good faith.

7. Further answering and for its Seventh Affirmative Defense, Universal states it reserves the right to raise and rely upon such other defenses as may become available during the discovery proceedings in this action.

WHEREFORE having fully responded to each of the allegations contained in Jay Wolfe's First Amended Complaint, and having pled its affirmative defenses, Universal respectfully requests that the Court dismiss Jay Wolfe's First Amended Complaint, award Universal its costs incurred herein, and for such other and further relief as the Court deems just and proper under the circumstances.

## FIRST AMENDED COUNTERCLAIM FOR DECLARATORY JUDGMENT

COMES NOW Universal and for its First Amended Counterclaim for Declaratory Judgment against Jay Wolfe and states as follows:

## JURISDICTION

1. Wolfe Automotive Group, L.L.C. ("Wolfe Automotive") is a Delaware Limited Liability Company with its principal place of business located in the State of Missouri.

2. Jay Wolfe Used Cars of Blue Springs, LLC ("Jay Wolfe") is also a Delaware Limited Liability Company with its principal place of business located in the State of Missouri. (As stated above, "Wolfe Automotive" and "Jay Wolfe" will hereinafter be collectively referred to as "Jay Wolfe").

3. Universal is an Illinois Corporation with its principal place of business located in Illinois. Universal is engaged in the insurance business and is authorized to transact business in the State of Missouri.

4. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) in that this is a civil action is between citizens of different states. As set forth above in Paragraphs 1-3 of this First Amended Counterclaim, the citizenship of the parties is completely diverse. Additionally, the amount in controversy exceeds Seventy Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

**GENERAL ALLEGATIONS**

5. Universal issued Insurance Policy Numbers 279210N and 279211N with effective dates of April 30, 2012 to April 30, 2013 (the "Policies"). *See copies of the Universal Policies attached hereto and incorporated by reference as Exhibits A and B respectively.*

6. Jay Wolfe has filed a declaratory judgment action seeking coverage under the Policies for claims made against it by Tyrell and Liane Jackson (hereinafter "the Underlying Claimants") in a Counterclaim in a lawsuit that is currently pending in the Circuit Court of Jackson County, Missouri (hereinafter "the Underlying Litigation").

7. Jay Wolfe alleges it is seeking coverage under Coverage Parts 500 and 660 with respect to Policy Number 279210N and Coverage Part 980 with respect to Policy Number 279211N. *See Jay Wolfe's First Amended Complaint at Paragraph 32.*

8. The Underlying Litigation is a purported class action lawsuit, which upon information and belief, has not yet been certified. *See Joint Answer and Counterclaim attached to Jay Wolfe's First Amended Complaint as Exhibit 3 (hereinafter "Exhibit 3").*

9. Universal has offered to provide a defense pursuant to Coverage Part 500, CUSTOMER COMPLAINT DEFENSE contained in Policy Number 279210N.

10. In accordance, with the terms and conditions of Policy Number 279210N, CUSTOMER COMPLAINT DEFENSE is a defense-type only coverage that does not provide indemnity coverage for any potential verdict.

11. As shown in the declarations of Policy Number 279210N, the limits for CUSTOMER COMPLAINT DEFENSE are Twenty Five Thousand Dollars ($25,000.00), subject to a deductible of Two Thousand Five Hundred Dollars ($2,500.00). In addition, there is a One Hundred Thousand Dollar ($100,000.00) Large Program Deductible which applies before the maintenance deductible is triggered.

**COUNT I – DECLARATORY JUDGMENT**

12. Universal re-incorporates and re-alleges Paragraphs 1-11 of its First Amended Counterclaim as if fully set forth herein.

**A. The Underlying Litigation**

13. The Underlying Claimants have brought their action as a purported class action against Jay Wolfe for alleged violations of Uniform Commercial Code ("UCC") Article Nine, §§ 400.9-601 through 400.9-629 RSMo. and violations of the Motor Vehicle Time Sales Act ("MVTSA"), Chapter 365 RSMo. *See Exhibit 3 at Paragraph 1.*

14. The Underlying Claimants have not alleged that Jay Wolfe did not have the right to repossess any of the automobiles. Accordingly, the Underlying Claimants have not alleged that any repossession of the motor vehicles by Jay Wolfe were wrongful. *See Exhibit 3.*

15. For the alleged violations of the UCC, the Underlying Claimants "seek the statutory damages provided for in § 400.9-625(c)(2) RSMo, as well as relief from deficiency balances claimed by [Jay Wolfe] and relief from any adverse reports made by [Jay Wolfe] to credit reporting agencies regarding class member accounts." *See Exhibit 3 at Paragraph 1.*

16. For the alleged violations of MVTSA, the Underlying Claimants "seek an order barring [Jay Wolfe] from recovery of any time price differential, delinquency or collection charge on class members' contracts and order [Jay Wolfe] to refund any such charges it has collected and to pay the class punitive damages and attorneys' fees, all as provided for under §§ 365.145, 364.150 and 408.562 RSMo. for violations of the MVTSA." *See Exhibit 3 at Paragraph 1.*

17. The Underlying Claimants allege that "[o]n or about January 18, 2010 they entered into a Retail Installment Contract (hereinafter "Agreement") with [Jay Wolfe] for the purchase and sale of a 2003 Ford Explorer." *See Exhibit 3 at Paragraph 4.*

18. The Underlying Claimants further allege that "[o]n or about November 5, 2010 [Jay Wolfe] allegedly took possession of the Vehicle from [Underlying Claimants] and sent each of them a 'Notice of our Plan to Sell Property' (hereinafter "Presale Notice")." *See Exhibit 3 at Paragraph 5.*

19. The Underlying Claimants further allege that "[a]fter selling the Vehicle, [Jay Wolfe] on or about February 14, 2011, allegedly sent the Underlying Claimants a 'Notice of Sale of Collateral and Possible Deficiency' (hereinafter "Post-sale Notice") advising them that they owed [Jay Wolfe] a remaining deficiency balance that included 'Attorney and/or Legal Fees' of $1,458.99, plus continuing interest at the rate of $1.43 per day on such amount." *See Exhibit 3 at Paragraph 6.*

**1. Count I in the Underlying Litigation (Violation of the Uniform Commercial Code)**

20. In Count I the Underlying Claimants allege that "[Jay Wolfe's] Presale Notice violates §§ 400.9-210(f), 400.613(1)(D) and 400.9-614(1)(A) RSMo., in that it states, 'We will charge you $25.00 for the amount you owe us within the last six months.'" The Underlying Claimants further allege that "this statement was contrary to, and in violation of, § 400.9-210(f) RSMo., which provides debtors the right to request an accounting and further provides, in pertinent part, that a debtor 'is entitled *without charge* to one response to a request under this section during any six-month period' and that the secured party may only 'require payment of a charge not exceeding twenty-five dollars for each *additional response*.'" (*Emphasis included in Counterclaim*). *See Exhibit 3 at Paragraph 7.*

21. The Underlying Claimants further allege that "[Jay Wolfe's] inclusion of $2,145.05 in 'Attorney's Fees or Legal Fees' as an expense of the sale of the Vehicle when, on information and belief, no such expense was incurred or paid by [Jay Wolfe] in connection with the sale of the Vehicle, violates § 400.9-516(a) RSMo., which only allows 'reasonable attorney's fees and legal expenses incurred by the secured party' to be deducted from the proceeds of the disposition of the collateral." *See Exhibit 3 at Paragraph 8.*

22. The Underlying Claimants claim this inclusion "violates § 400.9-616(c)(4) RSMo, which required [Jay Wolfe] to provide the [Underlying Claimants] with an explanation of its calculation of any deficiency, which explanation could include only attorney's fees as were known to [Jay Wolfe] to relate to the disposition of the collateral." *See Exhibit 3 at Paragraph 9.*

23. As a result of these alleged violations of UCC requirements, the Underlying Claimants assert that "[Jay Wolfe] is absolutely barred from asserting a claim for a deficiency against the [Underlying Claimants] and is liable to [Underlying Claimants] for the statutory

damages provided for in § 400.9-625(c)(2) RSMo., that is, 'not less than the credit service charge plus ten percent of the principal amount of the obligation or the time-price differential plus ten percent of the cash price' appearing on the face of the contract." *See Exhibit 3 at Paragraph 10.*

**2. Count II in the Underlying Litigation (Violation of the Motor Vehicle Time Sales Act)**

24. In Count II the Underlying Claimants allege that "by charging [Underlying Claimants] for attorney's fees and/or legal expenses not reasonably incurred or paid, [Jay Wolfe] violated § 365.100 RSMo., which limits attorney's fees to an amount 'not exceeding fifteen percent of the amount due and payable under the contract where the contract is referred for collection to any attorney not a salaried employee of the holder' and which limits expenses recoverable against [Underlying Claimants] to 'reasonable expenses incurred in the origination, servicing, and collection of the amount due under the contract.'" *See Exhibit 3 at Paragraph 11.*

25. The Underlying Claimants assert that as a result of the alleged violations "[Jay Wolfe] is barred from recovery of any time price differential, delinquency or collection charges on the [Underlying Claimants'] contract, as provided in § 365.150 RSMo., and further liable as provided in §§ 365.145 RSMo. and 408.562 RSMo. for the actual damages, punitive damages and attorneys fees of the [Underlying Claimants]." *See Exhibit 3 at Paragraph 12.*

**3. Class Action Allegations in the Underlying Litigation**

26. The Underlying Claimants allege, "[o]n information and belief, that [Jay Wolfe] has repossessed the vehicles of numerous similarly situated persons who purchased their vehicles under substantially similar Retail Installment Agreements held by [Jay Wolfe], whose vehicles were repossessed and subsequently sold by [Jay Wolfe], and to whom [Jay Wolfe] sent substantially similar form Presale Notices and substantially similar Post-Sale Notices following the repossession and sale of their vehicles." *See Exhibit 3 at Paragraph 13.*

27. The Underlying Claimants further allege that "[Jay Wolfe] on information and belief, charged numerous similarly situated persons for 'Attorney and/or Legal Fees' that [Jay Wolfe] described in the Post-sale Notices it sent to such persons as 'Expenses of Sale', which fees were not in fact reasonably incurred or paid by [Jay Wolfe] in connection with the disposition of collateral." *See Exhibit 3 at Paragraph 14.*

28. The Underlying Claimants assert "[t]he class of those similarly situated consists of all individuals whose vehicles were repossessed, either voluntarily or involuntarily, and subsequently sold by [Jay Wolfe]." The Underlying Claimants further assert that the class members should be divided into two classes. *See Exhibit 3 at Paragraph 16.*

29. Class One would encompass "such individuals to whom [Jay Wolfe] sent a Presale Notice substantially similar to the one attached to this Counterclaim as Exhibits B-1 and B-2, in which the following sentence appears: 'We will charge you $25.00 for the explanation of the amount you owe use within the last six months.'" *See Exhibit 3 at Pg. 7.*

30. Class Two would encompass "[s]uch individuals to whom [Jay Wolfe] sent a Post-sale Notice substantially similar to the one attached to this Counterclaim as Exhibits C-1 and C-2 in which a charge for 'Attorney and/or Legal Fees' appears beneath the 'Itemization of Expenses of Sale.'" *See Exhibit 3 at Pg. 8.*

31. As a result of the foregoing allegations, The Underlying Claimants seek the following relief:

"a) Certify this action as a class action as defined in this Counterclaim pursuant to Missouri Supreme Court Rule 52.08;

b) Grant the [Underlying Claimants] and the members of the class judgment for their respective damages, including statutory damages under § 400.9-625(c)(2) RSMo. and a refund of any time price differential, delinquency or collection charges, plus interest thereon;

c) Assess punitive damages against [Jay Wolfe] in order to punish and deter it and others from engaging in like conduct in the future;

d) Award to the [Underlying Claimants] and the members of the class the costs of the action and attorney's fees;

e) Declare that [Jay Wolfe] is barred from seeking deficiency balances from the [Underlying Claimants] and the class members and order [Jay Wolfe] to refund any amounts paid by them to [Jay Wolfe] subsequent to the date their vehicles were repossessed;

f) Order [Jay Wolfe] to cease reporting to any credit reporting agencies any repossession and/or deficiency balances on the class members' accounts;

g) Grant such other and further relief as the Court deems just and appropriate." *See Exhibit 3 at Pg. 9.*

32. Nowhere in their Relief Requested have Underlying Claimants alleged that their vehicles were wrongfully repossessed nor have they sought the return of their vehicles.

**B. <u>Jay Wolfe's Assertion of Coverage under the Universal Policies</u>**

33. In its First Amended Complaint filed in this case, Jay Wolfe has alleged the following:

> "The claims in the [Underlying Litigation] are a covered injury under Garage Coverage Part 500 and General Liability Coverage Part 660, which include coverage for wrongful repossession of an auto." *See Jay Wolfe's First Amended Complaint at Paragraph 41.*

"The claims in the [Underlying Litigation] arise out of an occurrence as defined Coverage Part 500 and General Liability Coverage Part 660." *See Jay Wolfe's First Amended Complaint at Paragraph 42.*

"The occurrences alleged in the [Underlying Litigation] arise out of a covered hazard under Coverage Part 500 and General Liability Coverage Part 660, which include coverage for wrongful repossession of a vehicle." *See Jay Wolfe's First Amended Complaint at Paragraph 43.*

"The damages sought in the [Underlying Litigation] are damages as defined and covered by the policy." *See Jay Wolfe's First Amended Complaint at Paragraph 44.*

"Contrary to Universal's position, the claims in the [Underlying Litigation] are not subject to the Customer Complaint Defense provision in the Policy." *See Jay Wolfe's First Amended Complaint at Paragraph 45.*

34. Jay Wolfe has also alleged that "Commercial Umbrella Coverage Part 980 provides umbrella coverage for the claims raised in the [Underlying Litigation] under the same terms provided in the coverages defined above." *See Jay Wolfe's First Amended Complaint at Paragraph 37.*

**Coverage Part 500 (Garage)**

35. Policy Number 279210N contains Coverage Part 500 (Garage).

36. This Coverage Part provides in relevant part(s) as follows:

***

***Insuring Agreement***

A. Injury and Covered Pollution Damages

1. Injury

WE will pay those sums the INSURED legally must pay as DAMAGES because of

INJURY to which this insurance applies (INCLUDING ELECTRONIC ACTIVITIES), caused by an OCCURRENCE arising out of YOUR GARAGE OPERATIONS or AUTO HAZARD

***

3. Defense Obligations and Rights

   a. WE have the right and duty to defend any SUIT asking for DAMAGES or COVERED POLLUTION DAMAGES. WE may investigate and settle any claim or SUIT WE consider appropriate. OUR payment of the limit shown in the declarations ends OUR duty to defend.
   b. ~~WE will not pay DAMAGES, COVERED POLLUTION DAMAGES or defense~~ costs for any OCCURRENCE, claim or SUIT that is not covered by or declared for this coverage part.
   c. If WE defend an INSURED under a reservation of rights, and a court finds that no insurance applies under this coverage part, YOU must reimburse US for all legal expenses and costs paid on YOUR behalf, including OUR legal expenses incurred to determine coverage.

***

***Definitions***

When used in this coverage part:

I. "DAMAGES" means:

   1. amounts awardable by a court of law[1];
   2. [NOT APPLICABLE]
   3. [NOT APPLICABLE]

***

   4. DAMAGES does not mean:

   a. civil penalties, fines, or assessments;

   b. other statutory awards in excess of compensation, except where insurable by law;

[1] As amended by the Missouri State Amendatory Part which deleted the phrase "including punitive damages where insurable by law" from the definition of DAMAGES.

c. equitable remedies, except those equitable remedies listed under Part I.2. above;

d. [NOT APPLICABLE]

***

N. "GARAGE OPERATIONS" means the ownership, maintenance or use of that portion of any premises where YOU conduct YOUR garage business. GARAGE OPERATIONS includes all other operations necessary or incidental to YOUR garage business.

GARAGE OPERATIONS does not include the AUTO HAZARD.

***

S. "INJURY" means, with respect to:

***

3. Group 3

***

f. wrongful repossession of an AUTO;

***

W. "OCCURRENCE" means:

***

1. [NOT APPLICABLE]
2. with respect to INJURY Groups 3, 4, 5, and 6, acts or offenses of the INSURED which result in such INJURY;
3. [NOT APPLICABLE]

***

ALL INJURY or COVERED POLLUTION DAMAGES arising out of substantially the same general conditions or cause will be considered as arising out of one OCCURRENCE.

OCCURRENCE does not mean any claim or SUIT otherwise covered under AGENT'S E&O, CUSTOMER COMPLAINT DEFENSE, DESIGNATED

STATUTE DEFENSE, LABOR RELATED DEFENSE, STATUTE AND TITLE E&O or TRUTH IN LENDING/TRUTH IN LEASING E&O.

***

G. "CUSTOMER COMPLAINT DEFENSE" means any SUIT filed against YOU by or on behalf of a wholesale or retail customer arising out of:

1. YOUR sale, lease, rental, service or repair of YOUR PRODUCT;

2. the promotion of YOUR PRODUCTS or WORK;

3. YOUR failure to properly secure customer records resulting in IDENTITY THEFT.

CUSTOMER COMPLAINT DEFENSE does not mean any SUIT:

1. filed against an INSURED as a result of an OCCURRENCE;

2. as defined in STATUTE AND TITLE E&O, TRUTH IN LENDING/TRUTH IN LEASING E&O, AGENT'S E&O or DESIGNATED STATUTE DEFENSE.

***

***Insuring Agreement***

***

C. Defense Reimbursement Costs

1. WE will reimburse reasonable defense costs incurred by YOU because of CUSTOMER COMPLAINT DEFENSE, LABOR RELATED DEFENSE, or DESIGNATED STATUTE DEFENSE, when such insurance is shown in the declarations.

2. This insurance applies only if a SUIT is filed against an INSURED within the Policy Territory during the coverage part period, arising out of a CUSTOMER COMPLAINT DEFENSE, LABOR RELATED DEFENSE, or DESIGNATED STATUTE DEFENSE.

3. WE have the right but not the duty to settle any SUIT. If WE settle a SUIT the settlement will be at OUR expense except for the applicable deductible. Otherwise, all court costs, settlements and DAMAGES assessed against YOU will be at YOUR expense. WE will not reimburse defense costs for any SUIT that is not covered or declared for this coverage part.

4. If WE reimburse defense costs under a reservation of rights, and a court finds that no insurance applies under this coverage part, YOU must reimburse US for all legal expenses paid on YOUR behalf, including OUR legal expenses incurred to determine coverage.

***

***The Most We Will Pay***

Regardless of the number of INSUREDS or AUTOS insured or premiums charged by this coverage part, persons or organizations who sustain INJURY or COVERED POLLUTION DAMAGES, claims made or SUITS brought, the most WE will pay is:

***

C. Defense Reimbursement

1. with respect to CUSTOMER COMPLAINT DEFENSE, LABOR RELATED DEFENSE and DESIGNATED STATUTE DEFENSE, the limit per SUIT shown in the declarations for each coverage. The annual aggregate limit shown in the declarations for each coverage is the most WE will pay for all such defense costs during the coverage part period.

2. any settlement made by US under CUSTOMER COMPLAINT DEFENSE, LABOR RELATED DEFENSE or DESIGNATED STATUTE DEFENSE will be included in the limit per SUIT and the annual aggregate limit shown in the declarations.

3. [NOT APPLICABLE]

***

***Deductibles***

***

E. Defense Reimbursement

From the amounts payable for settlements and defense costs incurred for CUSTOMER COMPLAINT DEFENSE, LABOR RELATED DEFENSE or DESIGNATED STATUTE DEFENSE, WE will deduct the amount shown in the declarations for each SUIT filed against YOU.

***

37. The allegations in the Underlying Litigation do not trigger coverage under Coverage Part 500 of Policy Number 279210N, other than CUSTOMER COMPLAINT DEFENSE coverage because the Underlying Claimants have not alleged an "INJURY" caused by an "OCCURRENCE" arising out of Jay Wolfe's GARAGE OPERATIONS or AUTO HAZARD. Specifically, the allegations do not trigger Injury Group 3 ("wrongful repossession of an AUTO") under Coverage Part 500 of Policy Number 279210N.

38. In accordance with the terms and conditions of Policy Number 279210N, CUSTOMER COMPLAINT DEFENSE, is a defense-type only coverage that does not provide indemnity coverage for any potential verdict.

39. As shown in the declarations of Policy Number 279210N, the limits for CUSTOMER COMPLAINT DEFENSE are Twenty Five Thousand Dollars ($25,000.00), subject to a deductible of Two Thousand Five Hundred Dollars ($2,500.00). In addition, there is a One Hundred Thousand Dollar ($100,000.00) Large Program Deductible in the Policy which applies before the maintenance deductible is triggered.

**<u>Coverage Part 660 (General Liability)</u>**

40. Policy Number 279210N contains Coverage Part 660 (General Liability).

41. This Coverage Part provides in relevant part(s):

***

***Insuring Agreement***

A. Injury and Covered Pollution Damages

1. Injury

WE will pay those sums the INSURED legally must pay as DAMAGES because of INJURY to which this insurance applies (INCLUDING ELECTRONIC ACTIVITIES), caused by an OCCURRENCE arising out of the following hazards when shown in the declarations.

a. PREMISES HAZARD;
b. PRODUCTS-COMPLETED OPERATIONS HAZARD;
c. ~~CONTRACTOR'S HAZARD~~;
d. WATERCRAFT HAZARD.

***

***Definitions***

When used in this coverage part:

T. PREMISES HAZARD means the ownership, maintenance or use of the premises scheduled in the declarations and all operations necessary or incidental thereto, except the PRODUCTS-COMPLETED OPERATIONS HAZARD.

***

42. The allegations in the Underlying Litigation do not trigger coverage under Coverage Part 660 of Policy Number 279210N because the Underlying Claimants have not alleged an "INJURY" caused by an "OCCURRENCE" arising out of a "PREMISES HAZARD."

43. Specifically the Underlying Claimants have not alleged an "INJURY" caused by an "OCCURRENCE" arising out of the ownership, maintenance, or use of Jay Wolfe's premises. Accordingly, coverage is not triggered under Coverage Part 660 of Policy Number 279210N.

**Coverage Part 980 (Commercial Umbrella)**

44. As stated above, Jay Wolfe has also alleged that "Commercial Umbrella Coverage Part 980 provides umbrella coverage for the claims raised in the [Underlying Litigation] under the same terms provided in the coverages defined above." *See Jay Wolfe's First Amended Complaint at Paragraph 37.*

45. Coverage Part 980 is not shown in the declarations of Policy Number 279210N. Therefore, there is no coverage under Coverage Part 980 because it is not part of Policy Number 279210N.

46. As stated above, coverage under Coverage Part 500 of Policy Number 279210N is limited to CUSTOMER COMPLAINT DEFENSE. Additionally, for the reasons stated above there is no coverage under Coverage Part 660 of Policy Number 279210N.

47. Furthermore, Coverage Part 980 contained in Policy Number 279211N contains the following exclusion which excludes coverage.

> ***Exclusions***
>
> This insurance does not apply to:
>
> ***
>
> Y. Defense Reimbursement and E&O
>
> AGENTS E&O, CUSTOMER COMPLAINT DEFENSE, LABOR RELATED DEFENSE, DESIGNATED STATUTE DEFENSE, STATUTE AND TITLE E&O, or TRUTH IN LENDING/TRUTH IN LEASING E&O.
>
> ***

48. Therefore, CUSTOMER COMPLAINT DEFENSE provided under Coverage Part 500 of Policy Number 279210N is excluded under Coverage Part 980 of Policy Number 279211N.

## C. Relief Requested by Universal

49. The only applicable coverage for the claims asserted in the Underlying Litigation is Coverage Part 500, CUSTOMER COMPLAINT DEFENSE contained in Policy Number 279210N.

50. Despite the foregoing, Jay Wolfe has asserted that it is entitled to defense and indemnity coverage under the Policies for the claims raised in the Underlying Litigation.

51. Therefore, an actual justiciable controversy exists between Universal and Jay Wolfe concerning the obligations arising under the Policies.

52. Specifically, pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, Universal is entitled to a declaration that Policy Number 279210N only obligates Universal to provide defense costs totaling Twenty Five Thousand Dollars ($25,000.00), subject to a deductible of Two Thousand Five Hundred Dollars ($2,500.00) to Jay Wolfe for the claims asserted in the Underlying Litigation. In addition, there is a One Hundred Thousand Dollar ($100,000.00) Large Program Deductible which applies before the maintenance deductible is triggered. Additionally, Universal is entitled to a judgment that coverage is excluded under Coverage Part 980 of Policy Number 279211N and that no coverage exists anywhere else in Policy Number 279211N.

WHEREFORE, based upon the foregoing, Universal Underwriters Insurance Company respectfully requests that this Court enter Judgment as follows:

A. Declare that coverage under Policy Number 279210N for the claims made against Jay Wolfe in the Underlying Litigation is limited to Coverage Part 500, CUSTOMER COMPLAINT DEFENSE.

B. Declare that Universal is only obligated to provide defense costs totaling Twenty Five Thousand Dollars ($25,000.00), subject to a deductible of Two Thousand Five Hundred Dollars ($2,500.00) to Jay Wolfe for the claims asserted in the Underlying Litigation. In addition, there is a One Hundred Thousand Dollar ($100,000.00) Large Program Deductible which applies before the maintenance deductible is triggered.

C. Declare that coverage is excluded under Coverage Part 980 of Policy Number 279211N and that no coverage exists anywhere else in Policy Number 279211N for the claims asserted in the Underlying Litigation.

D. Grant such other and further relief as this Court deems just and proper under the circumstances.

MCCARTHY, LEONARD & KAEMMERER, L.C.

By: /s/ Timothy J. Ahrenhoersterbaeumer
Brian E. McGovern, #34677
bmcgovern@mlklaw.com
James R. Walsh, # 35739
jwalsh@mlklaw.com
Timothy J. Ahrenhoersterbaeumer, #55136
tima@mlklaw.com
400 South Woods Mill Road, #250
Chesterfield, Missouri 63017
Telephone: (314) 392-5200
Facsimile: (314) 392-5221
*Attorneys for Defendant/Counterclaim Plaintiff Universal Underwriters Insurance Company*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing was filed electronically with the Clerk of Court, therefore to be served by operation of the Court's electronic filing system on this 1st day of November, 2013 upon:

Norman E. Siegel, Esq.
siegel@stuevesiegel.com
Christopher D. Dandurand, Esq.
dandurand@stuevesiegel.com
STUEVE SIEGEL HANSON LLP
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
*Attorneys for Plaintiffs/Counterclaim Defendants Wolfe Automotive Group, L.L.C. and Jay Wolfe Used Cars of Blue Springs, LLC*

/s/ Timothy J. Ahrenhoersterbaeumer