**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | |
|---|---|
| WOLFE AUTOMOTIVE GROUP, L.L.C., et al.<br><br>Plaintiffs,<br>v.<br><br>UNIVERSAL UNDERWRITERS INSURANCE COMPANY,<br><br>Defendant. | Case No. 4:13-cv-00863-HFS |

**ANSWER TO UNIVERSAL UNDERWRITERS INSURANCE COMPANY'S FIRST AMENDED COUNTERCLAIM FOR DECLARATORY JUDGMENT**

Plaintiffs Wolfe Automotive Group, L.L.C. and Jay Wolfe Used Cars of Blue Springs LLC (together "Jay Wolfe"), for its Answer to Universal Underwriters Insurance Company's First Amended Counterclaim for Declaratory Judgment states as follows:

**Jurisdiction**

1. Jay Wolfe admits the allegations contained in Paragraph 1 of Universal's First Amended Counterclaim.

2. Jay Wolfe admits the allegations contained in Paragraph 2 of Universal's First Amended Counterclaim.

3. Jay Wolfe admits the allegations contained in Paragraph 3 of Universal's First Amended Counterclaim.

4. Jay Wolfe admits that the amount in controversy exceeds $75,000 exclusive of interest and costs, and denies the remaining allegations contained in Paragraph 4 of Universal's First Amended Counterclaim.

## General Allegations

5. Jay Wolfe admits the allegations contained in Paragraph 5 of Universal's First Amended Counterclaim.

6. Jay Wolfe admits that it filed a First Amended Complaint and states that each allegation contained in Jay Wolfe's First Amended Complaint speaks for itself.

7. Jay Wolfe states that its First Amended Complaint for Declaratory Judgment and Damages speaks for itself and denies any allegations contained in Paragraph 7 of Universal's First Amended Counterclaim to the extent that they are inconsistent with its First Amended Complaint.

8. Jay Wolfe states that the Joint Answer and Counterclaim attached as Exhibit 3 to Jay Wolfe's First Amended Complaint speaks for itself. Jay Wolfe denies any allegations contained in Paragraph 8 of Universal's First Amended Counterclaim to the extent that they are inconsistent with the Joint Answer and Counterclaim.

9. Jay Wolfe admits that, in response to its request that Universal provide the full amount of defense and indemnity under the Policy, that Universal offered only a defense pursuant to Coverage Part 500, Customer Complaint Defense of the Policy.

10. Jay Wolfe states that Coverage Part 500, Customer Complaint Defense of the Policy speaks for itself. To the extent that Universal contends in Paragraph 10 that the Policy does not provide the coverage sought by Jay Wolfe in this litigation, Jay Wolfe denies same.

11. Jay Wolfe states that Coverage Part 500, Customer Complaint Defense of the Policy speaks for itself. To the extent that Universal contends in Paragraph 11 that the Policy does not provide the coverage sought by Jay Wolfe in this litigation, Jay Wolfe denies same.

## COUNT I – DECLARATORY JUDGMENT

12. Jay Wolfe re-incorporates and re-alleges Paragraphs 1-11 of its Answer as if fully set forth herein.

### A. The Underlying Litigation

13. Jay Wolfe admits the allegations contained in Paragraph 13 of Universal's First Amended Counterclaim.

14. Jay Wolfe denies the allegations contained in Paragraph 14 of Universal's First Amended Counterclaim.

15. Jay Wolfe states that the Underlying Claimants' Joint Answer and Counterclaim speaks for itself and denies any allegations contained in Paragraph 15 of Universal's First Amended Counterclaim to the extent that they are inconsistent with the Joint Answer and Counterclaim.

16. Jay Wolfe states that the Underlying Claimants' Joint Answer and Counterclaim speaks for itself and denies any allegations contained in Paragraph 16 of Universal's First Amended Counterclaim to the extent that they are inconsistent with the Joint Answer and Counterclaim.

17. Jay Wolfe states that the Underlying Claimants' Joint Answer and Counterclaim speaks for itself and denies any allegations contained in Paragraph 17 of Universal's First Amended Counterclaim to the extent that they are inconsistent with the Joint Answer and Counterclaim.

18. Jay Wolfe states that the Underlying Claimants' Joint Answer and Counterclaim speaks for itself and denies any allegations contained in Paragraph 18 of Universal's First Amended Counterclaim to the extent that they are inconsistent with the Joint Answer and

Counterclaim.

19. Jay Wolfe states that the Underlying Claimants' Joint Answer and Counterclaim speaks for itself and denies any allegations contained in Paragraph 19 of Universal's First Amended Counterclaim to the extent that they are inconsistent with the Joint Answer and Counterclaim.

**1. Count I in the Underlying Litigation (Violation of the Uniform Commercial Code)**

20. Jay Wolfe states that the Underlying Claimants' Joint Answer and Counterclaim speaks for itself and denies any allegations contained in Paragraph 20 of Universal's First Amended Counterclaim to the extent that they are inconsistent with the Joint Answer and Counterclaim.

21. Jay Wolfe states that the Underlying Claimants' Joint Answer and Counterclaim speaks for itself and denies any allegations contained in Paragraph 21 of Universal's First Amended Counterclaim to the extent that they are inconsistent with the Joint Answer and Counterclaim.

22. Jay Wolfe states that the Underlying Claimants' Joint Answer and Counterclaim speaks for itself and denies any allegations contained in Paragraph 22 of Universal's First Amended Counterclaim to the extent that they are inconsistent with the Joint Answer and Counterclaim.

23. Jay Wolfe states that the Underlying Claimants' Joint Answer and Counterclaim speaks for itself and denies any allegations contained in Paragraph 23 of Universal's First Amended Counterclaim to the extent that they are inconsistent with the Joint Answer and Counterclaim.

**2. Count II in the Underlying Litigation (Violation of the Motor Vehicle Time Sales Act)**

24. Jay Wolfe states that the Underlying Claimants' Joint Answer and Counterclaim speaks for itself and denies any allegations contained in Paragraph 24 of Universal's First Amended Counterclaim to the extent that they are inconsistent with the Joint Answer and Counterclaim.

25. Jay Wolfe states that the Underlying Claimants' Joint Answer and Counterclaim speaks for itself and denies any allegations contained in Paragraph 25 of Universal's First Amended Counterclaim to the extent that they are inconsistent with the Joint Answer and Counterclaim.

**3. Class Action Allegations in the Underlying Litigation**

26. Jay Wolfe states that the Underlying Claimants' Joint Answer and Counterclaim speaks for itself and denies any allegations contained in Paragraph 26 of Universal's First Amended Counterclaim to the extent that they are inconsistent with the Joint Answer and Counterclaim.

27. Jay Wolfe states that the Underlying Claimants' Joint Answer and Counterclaim speaks for itself and denies any allegations contained in Paragraph 27 of Universal's First Amended Counterclaim to the extent that they are inconsistent with the Joint Answer and Counterclaim.

28. Jay Wolfe states that the Underlying Claimants' Joint Answer and Counterclaim speaks for itself and denies any allegations contained in Paragraph 28 of Universal's First Amended Counterclaim to the extent that they are inconsistent with the Joint Answer and Counterclaim.

29. Jay Wolfe states that the Underlying Claimants' Joint Answer and Counterclaim speaks for itself and denies any allegations contained in Paragraph 29 of Universal's First Amended Counterclaim to the extent that they are inconsistent with the Joint Answer and Counterclaim.

30. Jay Wolfe states that the Underlying Claimants' Joint Answer and Counterclaim speaks for itself and denies any allegations contained in Paragraph 30 of Universal's First Amended Counterclaim to the extent that they are inconsistent with the Joint Answer and Counterclaim.

31. Jay Wolfe states that the Underlying Claimants' Joint Answer and Counterclaim speaks for itself and denies any allegations contained in Paragraph 31 of Universal's First Amended Counterclaim to the extent that they are inconsistent with the Joint Answer and Counterclaim.

32. Jay Wolfe denies the allegations contained in Paragraph 32 of Universal's First Amended Counterclaim.

**B. <u>Jay Wolfe's Assertion of Coverage under the Universal Policy</u>**

33. Jay Wolfe states that its First Amended Complaint for Declaratory Judgment and Damages speaks for itself and denies any allegations contained in Paragraph 33 of Universal's First Amended Counterclaim to the extent that they are inconsistent with its First Amended Complaint.

34. Jay Wolfe states that its First Amended Complaint for Declaratory Judgment and Damages speaks for itself and denies any allegations contained in Paragraph 34 of Universal's First Amended Counterclaim to the extent that they are inconsistent with its First Amended Complaint.

## C. The Policy

### Coverage Part 500 (Garage)

35. Jay Wolfe admits the allegations contained in Paragraph 35 of Universal's First Amended Counterclaim.

36. Jay Wolfe admits that Paragraph 36 of Universal's First Amended Counterclaim quotes portions of the Policy. Jay Wolfe states that Paragraph 36 is overinclusive, in that it includes some Policy language not relevant to this dispute, and underinclusive, in that it fails to include all Policy language relevant to this dispute.

37. The allegations contained in Paragraph 37 of Universal's First Amended Counterclaim set forth a legal conclusion to which no response is required. To the extent that a response is required, Jay Wolfe denies the allegations contained in Paragraph 37.

38. The allegations contained in Paragraph 38 of Universal's First Amended Counterclaim set forth a legal conclusion to which no response is required. To the extent that a response is required, Jay Wolfe denies the allegations contained in Paragraph 38.

39. The allegations contained in Paragraph 39 of Universal's First Amended Counterclaim set forth a legal conclusion to which no response is required. To the extent that a response is required, Jay Wolfe denies the allegations contained in Paragraph 39.

### Coverage Part 660 (General Liability)

40. Jay Wolfe admits the allegations contained in Paragraph 40 of Universal's First Amended Counterclaim.

41. Jay Wolfe admits that Paragraph 41 of Universal's First Amended Counterclaim quotes portions of the Policy. Jay Wolfe states that Paragraph 41 is overinclusive, in that it includes some Policy language not relevant to this dispute, and underinclusive, in that it fails to

include all Policy language relevant to this dispute.

42. The allegations contained in Paragraph 42 of Universal's First Amended Counterclaim set forth a legal conclusion to which no response is required. To the extent that a response is required, Jay Wolfe denies the allegations contained in Paragraph 42.

43. The allegations contained in Paragraph 43 of Universal's First Amended Counterclaim set forth a legal conclusion to which no response is required. To the extent that a response is required, Jay Wolfe denies the allegations contained in Paragraph 43.

**Coverage Part 980 (Commercial Umbrella)**

44. Jay Wolfe states that its First Amended Complaint for Declaratory Judgment and Damages speaks for itself and denies any allegations contained in Paragraph 44 of Universal's First Amended Counterclaim to the extent that they are inconsistent with its First Amended Complaint.

45. Jay Wolfe denies the allegations contained in Paragraph 45 of Universal's First Amended Counterclaim.

46. Jay Wolfe denies the allegations contained in Paragraph 46 of Universal's First Amended Counterclaim.

47. The allegations contained in Paragraph 47 of Universal's First Amended Counterclaim set forth a legal conclusion to which no response is required. To the extent that a response is required, Jay Wolfe denies the allegations contained in Paragraph 47.

48. The allegations contained in Paragraph 48 of Universal's First Amended Counterclaim set forth a legal conclusion to which no response is required. To the extent that a response is required, Jay Wolfe denies the allegations contained in Paragraph 48.

## D. Relief Requested by Universal

49. The allegations contained in Paragraph 49 of Universal's First Amended Counterclaim set forth a legal conclusion to which no response is required. To the extent that a response is required, Jay Wolfe denies the allegations contained in Paragraph 49.

50. Jay Wolfe admits that it has asserted that it is entitled to defense and indemnity coverage under the Policy, but denies the remaining allegations contained in Paragraph 50.

51. Jay Wolfe admits the allegations contained in Paragraph 51 of Universal's First Amended Counterclaim.

52. Jay Wolfe denies the allegations contained in Paragraph 52 of Universal's First Amended Counterclaim.

WHEREFORE, Jay Wolfe prays for judgment on Universal's First Amended Counterclaim for Declaratory Judgment, for its attorney's fees and costs, and for such other and further relief as the Court shall deem just and proper.

Dated: November 21, 2013

Respectfully submitted,

**STUEVE SIEGEL HANSON LLP**

/s/ Norman E. Siegel
Norman E. Siegel MO Bar No. 44378
siegel@stuevesiegel.com
Christopher D. Dandurand MO Bar No. 63775
dandurand@stuevesiegel.com
460 Nichols Road, Suite 200
Kansas City, MO 64112
Telephone: (816) 714-7100
Facsimile: (816) 714-7101

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on date reflected on the Court's ECF date-stamp, I filed the foregoing document via the Court's ECF system, which will cause a true and correct copy of the same to be served electronically on all ECF-registered counsel of record.

/s/ Norman E. Siegel
Attorney for Plaintiff