# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
### WESTERN DIVISION

WOLFE AUTOMOTIVE GROUP, L.L.C. )
and JAY WOLFE USED CARS OF BLUE )
SPRINGS, LLC, )
           )
        Plaintiffs/Counterclaim Defendants, )
           )     Case No. 4:13-cv-00863-HFS
v. )
           )
UNIVERSAL UNDERWRITERS )
INSURANCE COMPANY, )
           )
        Defendant/Counterclaim Plaintiff. )

## JOINT STIPULATION OF UNCONTROVERTED
## FACTS FOR PURPOSES OF SUMMARY JUDGMENT

       COME NOW Plaintiffs/Counterclaim Defendants Wolfe Automotive Group, L.L.C. and

Jay Wolfe Used Cars of Blue Springs, LLC (hereinafter collectively referred to as "Jay Wolfe")

and Defendant/Counterclaim Plaintiff Universal Underwriters Insurance Company ("Universal"),

by and through their respective undersigned counsel, and for their Joint Stipulation of

Uncontroverted Facts for Purposes of Summary Judgment, and state to this Court that for

purposes of summary judgment only in this matter only, the parties have stipulated to the

following facts:

       1.     Wolfe Automotive Group, L.L.C. ("Wolfe Automotive") is the management

company that manages the legal, financial, insurance, common treasury and other business

matters of Jay Wolfe and its related entities, including managing the contracts and business of

the Defendant in the Underlying Litigation.

       2.     Jay Wolfe Used Cars of Blue Springs, LLC ("Jay Wolfe") is managed by Wolfe

Automotive and previously did business as Future Finance Corporation.

3.      Universal is an Illinois Corporation with its principal place of business located in Illinois.  Universal is engaged in the insurance business and is authorized to transact business in the State of Missouri.

4.      Universal issued to Jay Wolfe Insurance Policy Numbers 279210N and 279211N with effective dates of April 30, 2012 to April 30, 2013. Policy Number 279210N is under Account Number 0009967-00 and Policy Number 279211N is under Account Number 0009967-01.

5.      Jay Wolfe has filed a declaratory judgment action seeking coverage under the Policies for claims made against it by Tyrell and Liane Jackson (hereinafter "the Underlying Claimants") in a Counterclaim that is currently pending in the Circuit Court of Jackson County, Missouri (hereinafter "the Underlying Litigation").

6.      The Underlying Litigation is a purported class action lawsuit that has not yet been certified.  *See Joint Answer and Counterclaim attached hereto and incorporated by reference as Exhibit 1.*

7.      Specifically, the Underlying Claimants state:

> [Underlying Claimants] bring this action as a class action against [Jay Wolfe], on their own behalf and on behalf of the class of all others similarly situated, for [Jay Wolfe]'s violation of the Uniform Commercial Code ("UCC") Article Nine, §§ 400.9-601 through 400.9-629 RSMo and violation of the Motor Vehicle Time Sales Act ("MVTSA"), Chapter 365 RSMo, in the course of [Jay Wolfe]'s repossession and sale of the class members' motor vehicles and [Jay Wolfe]'s assertion of claims for alleged deficiency balances remaining after such sales. For [Jay Wolfe]'s violation of the UCC, [Underlying Claimants] seek the statutory damages provided for in § 400.9-625(c)(2) RSMo, as well as relief from deficiency balances claimed by defendant and relief from any adverse reports on [sic] made by defendant to credit reporting agencies regarding class member accounts. For [Jay Wolfe]'s violation of the MVTSA, [Underlying Claimants] seek an order barring [Jay Wolfe] from recovery of any time price differential, delinquency or collection charge on the class members' contracts and ordering [Jay Wolfe] to refund any such charges it has collected and to

pay the class punitive damages and attorneys' fees, all as provided for under §§ 365.145, 365.150 and 408.562 RSMo for violation of the MVTSA.

*See Exhibit 1 at Counterclaim ¶ 1.*

8.      For the alleged violations of the UCC, the Underlying Claimants "seek the statutory damages provided for in § 400.9-625(c)(2) RSMo, as well as relief from deficiency balances claimed by [Jay Wolfe] and relief from any adverse reports made by [Jay Wolfe] to credit reporting agencies regarding class member accounts." *See Exhibit 1 at Counterclaim ¶ 1.*

9.      For the alleged violations of MVTSA, the Underlying Claimants "seek an order barring [Jay Wolfe] from recovery of any time price differential, delinquency or collection charge on the class members' contracts and ordering [Jay Wolfe] to refund any such charges it has collected and to pay the class punitive damages and attorneys' fees, all as provided for under §§ 365.145, 364.150 and 408.562 RSMo. for violation of the MVTSA." *See Exhibit 1 at Counterclaim ¶ 1.*

10.      The Underlying Claimants allege that "[o]n or about January 18, 2010 [Underlying Claimants] entered into a Retail Installment Agreement (hereafter "Agreement") with [Jay Wolfe] for the purchase and sale of a 2003 Ford Explorer." *See Exhibit 1 at Counterclaim ¶ 4.*

11.      The Underlying Claimants further allege that "[o]n or about November 5, 2010, [Jay Wolfe] took possession of the Vehicle from [Underlying Claimants] and sent each of them a 'Notice of our Plan to Sell Property' (hereafter "Presale Notice")." *See Exhibit 1 at Counterclaim ¶ 5.*

12.      The Underlying Claimants further allege that "[a]fter selling the Vehicle, [Jay Wolfe], on or about February 14, 2011, sent the Underlying Claimants a 'Notice of Sale of

Collateral and Possible Deficiency' (hereafter "Post-sale Notice") advising them that they owed [Jay Wolfe] a remaining deficiency balance that included 'Attorney and/or Legal Fees' of $1,458.99, plus continuing interest at the rate of $1.43 per day on such amount." *See Exhibit 1 at Counterclaim ¶ 6.*

13. In Count I the Underlying Claimants allege that "[Jay Wolfe's] Presale Notice violates §§ 400.9-210(f), 400.613(1)(D) and 400.9-614(1)(A) RSMo., in that it states, 'We will charge you $25.00 for the amount you owe us within the last six months.'" The Underlying Claimants further allege that "this statement was contrary to, and in violation of, § 400.9-210(f) RSMo., which provides debtors the right to request an accounting and further provides, in pertinent part, that a debtor 'is entitled *without charge* to one response to a request under this section during any six-month period' and that the secured party may only 'require payment of a charge not exceeding twenty-five dollars for each *additional response*.'" (*Emphasis included in Counterclaim*). *See Exhibit 1 at Counterclaim ¶ 7.*

14. The Underlying Claimants further allege that "[Jay Wolfe's] inclusion of $2,145.05 in 'Attorney and/or Legal Fees' as an expense of the sale of the Vehicle when, on information and belief, no such expense was incurred or paid by [Jay Wolfe] in connection with the sale of the Vehicle, violates § 400.9-615(a) RSMo., which only allows 'reasonable attorney's fees and legal expenses incurred by the secured party' to be deducted from the proceeds of the disposition of the collateral." *See Exhibit 1 at Counterclaim ¶ 8.*

15. The Underlying Claimants claim this inclusion "violates § 400.9-616(c)(4) RSMo, which required [Jay Wolfe] to provide [Underlying Claimants] with an explanation of [Jay Wolfe's] calculation of any deficiency, which explanation could include only such attorney's fees

as were known to [Jay Wolfe] to relate to the disposition of the collateral." *See Exhibit 1 at Counterclaim ¶ 9.*

16.     As a result of these alleged violations of UCC requirements, the Underlying Claimants assert that "[Jay Wolfe] is absolutely barred from asserting a claim for a deficiency against [Underlying Claimants] and is liable to [Underlying Claimants] for the statutory damages provided for in § 400.9-625(c)(2) RSMo., that is, 'not less than the credit service charge plus ten percent of the principal amount of the obligation or the time-price differential plus ten percent of the cash price' appearing on the face of the contract." *See Exhibit 1 at Counterclaim ¶ 10.*

17.     In Count II the Underlying Claimants allege that "by charging [Underlying Claimants] for attorney's fees and/or legal expenses not reasonably incurred or paid, [Jay Wolfe] violated § 365.100 RSMo., which limits attorney's fees to an amount 'not exceeding fifteen percent of the amount due and payable under the contract where the contract is referred for collection to any attorney not a salaried employee of the holder' and which limits expenses recoverable against [Underlying Claimants] to 'reasonable expenses incurred in the origination, servicing, and collection of the amount due under the contract.'" *See Exhibit 1 at Counterclaim ¶ 11.*

18.     The Underlying Claimants assert that as a result of the alleged violations "[Jay Wolfe] is barred from recovery of any time price differential, delinquency or collection charges on the [Underlying Claimants'] contract, as provided in § 365.150 RSMo., and [Jay Wolfe] is further liable as provided in §§ 365.145 RSMo. and 408.562 RSMo. for the actual damages, punitive damages and attorneys' fees of [Underlying Claimants]." *See Exhibit 1 at Counterclaim ¶ 12.*

19.     The Underlying Claimants allege, "[o]n information and belief, that [Jay Wolfe] has repossessed the vehicles of numerous similarly-situated persons who purchased their vehicles under substantially similar Retail Installment Agreements held by [Jay Wolfe], whose vehicles were repossessed and subsequently sold by [Jay Wolfe], and to whom [Jay Wolfe] sent substantially similar form Presale Notices and substantially similar Post-Sale Notices following the repossession and sale of their vehicles." *See Exhibit 1 at Counterclaim ¶ 13*.

20.     The Underlying Claimants further allege that "[Jay Wolfe] on information and belief, charged numerous similarly situated persons for 'Attorney and/or Legal Fees' that [Jay Wolfe] described, in the Post-sale Notices it sent to such persons, as 'Expenses of Sale', which fees were not in fact reasonably incurred or paid by [Jay Wolfe] in connection with the disposition of collateral." *See Exhibit 1 at Counterclaim ¶ 14*.

21.     The Underlying Claimants assert "[t]he class of those similarly situated consists of all individuals whose vehicles were repossessed, either voluntarily or involuntarily, and subsequently sold by [Jay Wolfe]."  The Underlying Claimants further assert that the class members should be divided into two classes. *See Exhibit 1 at Counterclaim ¶ 16*.

22.     Class One would encompass "such individuals to whom [Jay Wolfe] sent a Presale Notice substantially similar to the ones attached to this Counterclaim as Exhibits B-1 and B-2, in which the following sentence appears:  'We will charge you $25.00 for the explanation of the amount you owe us within the last six months.'"  *See Exhibit 1 at Counterclaim ¶ 16*.

23.     Class Two would encompass "[s]uch individuals to whom [Jay Wolfe] sent a Post-sale Notice substantially similar to the one attached to this Counterclaim as Exhibits C-1 and C-2, in which a charge for 'Attorney and/or Legal Fees' appears beneath the 'Itemization of Expenses of Sale.'"  *See Exhibit 1 at Counterclaim ¶ 16*.

24.     As a result of the foregoing allegations, The Underlying Claimants seek the following relief:

a)  Certify this action as a class action as defined in this Counterclaim pursuant to Missouri Supreme Court Rule 52.08;

b)  Grant the [Underlying Claimants] and the members of the class judgment for their respective damages, including statutory damages under § 400.9-625(c)(2) RSMo. and a refund of any time price differential, delinquency or collection charges, plus interest thereon;

c)  Assess punitive damages against [Jay Wolfe] in order to punish and deter it and others from engaging in like conduct in the future;

d)  Award to the [Underlying Claimants] and the members of the class the costs of the action and attorney's fees;

e)  Declare that [Jay Wolfe] is barred from seeking deficiency balances from the [Underlying Claimants] and the class members and order [Jay Wolfe] to refund any amounts paid by them to [Jay Wolfe] subsequent to the date their vehicles were repossessed;

f)  Order [Jay Wolfe] to cease reporting to any credit reporting agencies any repossession and/or deficiency balances on the class members' accounts;

g)  Grant such other and further relief as the Court deems just and appropriate." *See Exhibit 1 at Relief Requested.*

25.     The Underlying Claimants have admitted that they executed the Security Agreement. *See Petition on Promissory Note with a Deficiency Balance attached hereto and incorporated by reference as Exhibit 2 at ¶ 2. See Exhibit 1 at Answer ¶ 2.*

26.     The Underlying Claimants have admitted that they failed to make one or more installment payments and that the contract installment payments were accelerated. *See Exhibit 2 at ¶ 3. See Exhibit 1 at Answer ¶ 3.*

27.     Jay Wolfe has forwarded the Underlying Claimants' Counterclaim to Universal and requested that Universal undertake the defense of Jay Wolfe in the Underlying Litigation.

28.     Universal has notified Jay Wolfe it believes that the only applicable coverage for the claims asserted in the Underlying Litigation is Coverage Part 500, CUSTOMER COMPLAINT DEFENSE.

29.     Universal has offered a defense pursuant to Coverage Part 500, CUSTOMER COMPLAINT DEFENSE contained in Policy Number 279210N.

30.     CUSTOMER COMPLAINT DEFENSE is a defense-type only coverage that does not provide indemnity coverage for any potential verdict.

31.     The limits for CUSTOMER COMPLAINT DEFENSE are Twenty Five Thousand Dollars ($25,000.00), subject to a deductible of Two Thousand Five Hundred Dollars ($2,500.00).

32.     In addition, there is a One Hundred Thousand Dollar ($100,000.00) Large Program Deductible in the Policy which applies before the maintenance deductible is triggered.

33.     Jay Wolfe has filed a First Amended Complaint for Declaratory Judgment and Damages in this Court.

34.     Jay Wolfe has alleged that coverage exists for the claims raised in the Underlying Litigation under Coverage Parts 500 and 660 contained in Policy Number 279210N and Coverage Part 980 contained in Policy Number 279211N.

35.     Specifically, Jay Wolfe has alleged the following:

"The claims in the [Underlying Litigation] are a covered injury under Garage Coverage Part 500 and General Liability Coverage Part 660, which include coverage for wrongful repossession of an auto."

"The claims in the [Underlying Litigation] arise out of an occurrence as defined in Garage Coverage Part 500 and General Liability Coverage Part 660."

"The occurrences alleged in the [Underlying Litigation] arise out of a covered hazard under Garage Coverage Part 500 and General Liability Coverage Part 660, which include coverage for wrongful repossession of a vehicle."

"The damages sought in the [Underlying Litigation] are damages as defined and covered by the policy."

"Contrary to Universal's position, the claims in the [Underlying Litigation] are not subject to the Customer Complaint Defense provision in the policy."

36.    Jay Wolfe has also alleged that "Commercial Umbrella Coverage Part 980 provides umbrella coverage for the claims raised in the [Underlying Litigation] under the same terms provided in the coverages defined."

37.    In Count I of its First Amended Complaint (Declaration Of Rights Under The Policy), Jay Wolfe seeks a judgment in excess of $25,000.00 as follows:

a.  Declaring Jay Wolfe's rights and Universal's obligations under the Policy;

b.  Declaring that the Policy provides indemnity and verdict coverage to Jay Wolfe for the claims in the [Underlying Litigation];

c.  Declaring that the Policy imposes on Universal a duty to defend Jay Wolfe in the [Underlying Litigation];

d.  Declaring that Universal is responsible and legally obligated to pay any sum Jay Wolfe is required or obligated to pay in the [Underlying Litigation], which is covered under the Policy;

e.  Awarding reasonable attorney's fees and costs of suit incurred; and

f.  Awarding such other and further relief as the Court deems just and proper.

38.  In Count II of its First Amended Complaint (Breach of Contract: Failure to Defend), Jay Wolfe seeks a judgment in excess of $25,000.00 as follows:

a.  Awarding all damages sustained, including payment up to the limits of the Policy, plus attorneys' fees costs and expenses;

b.  Awarding interest on that amount per annum at the legal rate;

c.  Awarding costs of suit; and

d.  Awarding other such and further relief as the Court deems just and proper.

39.  In Count III of its First Amended Complaint (Breach of Contract:  Failure to Indemnify), Jay Wolfe seeks a judgment in excess of $25,000.00 as follows:

a.  Awarding all damages sustained, including payment up to the limits of the Policy, plus attorneys' fees costs and expenses;

b.  Awarding interest on that amount per annum at the legal rate;

c.  Awarding costs of suit; and

d.  Awarding other such and further relief as the Court deems just and proper.

40.  In Count IV of its First Amended Complaint (Vexatious Refusal to Pay), Jay Wolfe seeks a judgment in excess of $25,000.00 as follows:

a.  Awarding vexatious damages, penalties and interest consistent with RSMo § 375.420.

b.      Awarding reasonable attorney's fees;

c.      Awarding Jay Wolfe's costs herein expended; and

d.      Awarding other such and further relief as the Court deems just and proper.

41.      Policy Number 279210N contains Coverage Part 500 (Garage).

42.      This Coverage Part provides in relevant part(s) as follows:

***

***Insuring Agreement***

A.      Injury and Covered Pollution Damages

1.      Injury

WE will pay those sums the INSURED legally must pay as DAMAGES because of INJURY to which this insurance applies (including ELECTRONIC ACTIVITIES), caused by an OCCURRENCE arising out of YOUR GARAGE OPERATIONS or AUTO HAZARD.

***

3.      Defense Obligations and Rights

a.  WE have the right and duty to defend any SUIT asking for DAMAGES or COVERED POLLUTION DAMAGES. WE may investigate and settle any claim or SUIT WE consider appropriate. OUR payment of the limit shown in the declarations ends OUR duty to defend.
b.  WE will not pay DAMAGES, COVERED POLLUTION DAMAGES or defense costs for any OCCURRENCE, claim or SUIT that is not covered by or declared for this coverage part.
c.  If WE defend an INSURED under a reservation of rights, and a court finds that no insurance applies under this coverage part, YOU must reimburse US for all legal expenses and costs paid on YOUR behalf, including OUR legal expenses incurred to determine coverage.

***

***Definitions***

When used in this coverage part:

I.      "DAMAGES" means:

1. amounts awardable by a court of law[1];
2. [NOT APPLICABLE]
3. [NOT APPLICABLE]

\*\*\*

4. DAMAGES does not mean:
a. civil penalties, fines, or assessments;
b. other statutory awards in excess of compensation, except where insurable by law;
c. equitable remedies, except those equitable remedies listed under Part I.2. above;
d. [NOT APPLICABLE]

\*\*\*

N.     "GARAGE OPERATIONS" means the ownership, maintenance or use of that portion of any premises where YOU conduct YOUR garage business. GARAGE OPERATIONS includes all other operations necessary or incidental to YOUR garage business.

GARAGE OPERATIONS does not include the AUTO HAZARD.

\*\*\*

S.     "INJURY" means, with respect to:

\*\*\*

3.  Group 3

\*\*\*

f. wrongful repossession of an AUTO;

\*\*\*

W.     "OCCURRENCE" means:

\*\*\*

1. [NOT APPLICABLE]
2. with respect to INJURY Groups 3, 4, 5 and 6, acts or offenses of the INSURED which result in such INJURY;
3. [NOT APPLICABLE]

\*\*\*

---

[1] As amended by the Missouri State Amendatory Part which deleted the phrase "including punitive damages where insurable by law" from the definition of DAMAGES.

ALL INJURY or COVERED POLLUTION DAMAGES arising out of
substantially the same general conditions or cause will be considered as arising
out of one OCCURRENCE.

OCCURRENCE does not mean any claim or SUIT otherwise covered under
AGENT'S E&O, CUSTOMER COMPLAINT DEFENSE, DESIGNATED
STATUTE DEFENSE, LABOR RELATED DEFENSE, STATUTE AND TITLE
E&O or TRUTH IN LENDING/TRUTH IN LEASING E&O.

***

G.    "CUSTOMER COMPLAINT DEFENSE" means any SUIT filed against YOU
       by or on behalf of a wholesale or retail customer arising out of:

       1. YOUR sale, lease, rental, service or repair of YOUR PRODUCT;
       2. the promotion of YOUR PRODUCTS or WORK;
       3. YOUR failure to properly secure customer records resulting in IDENTITY
          THEFT.

       CUSTOMER COMPLAINT DEFENSE does not mean any SUIT:

       1. filed against an INSURED as a result of an OCCURRENCE;
       2. as defined in STATUTE AND TITLE E&O, TRUTH IN LENDING/TRUTH
       IN LEASING E&O, AGENT'S E&O or DESIGNATED STATUTE DEFENSE.

* * *

*Insuring Agreement*

***

C. Defense Reimbursement Costs

    1.   WE will reimburse reasonable defense costs incurred by YOU because of
         CUSTOMER COMPLAINT DEFENSE, LABOR RELATED DEFENSE, or
         DESIGNATED STATUTE DEFENSE, when such insurance is shown in the
         declarations.

    2.   This insurance applies only if a SUIT is filed against an INSURED within the
         Policy Territory during the coverage part period, arising out of a CUSTOMER
         COMPLAINT DEFENSE, LABOR RELATED DEFENSE, or DESIGNATED
         STATUTE DEFENSE.

    3.   WE have the right but not the duty to settle any SUIT. If WE settle a SUIT the
         settlement will be at OUR expense except for the applicable deductible.
         Otherwise, all court costs, settlements and DAMAGES assessed against YOU will

13

be at YOUR expense. WE will not reimburse defense costs for any SUIT that is not covered or declared for this coverage part.

4. If WE reimburse defense costs under a reservation of rights, and a court finds that no insurance applies under this coverage part, YOU must reimburse US for all legal expenses paid on YOUR behalf, including OUR legal expenses incurred to determine coverage.

***

***The Most We Will Pay***

Regardless of the number of INSUREDS or AUTOS insured or premiums charged by this coverage part, persons or organizations who sustain INJURY or COVERED POLLUTION DAMAGES, claims made or SUITS brought, the most WE will pay is:

***

C. Defense Reimbursement

1. with respect to CUSTOMER COMPLAINT DEFENSE, LABOR RELATED DEFENSE and DESIGNATED STATUTE DEFENSE, the limit per SUIT shown in the declarations for each coverage. The annual aggregate limit shown in the declarations for each coverage is the most WE will pay for all such defense costs during the coverage part period.

2. any settlement made by US under CUSTOMER COMPLAINT DEFENSE, LABOR RELATED DEFENSE or DESIGNATED STATUTE DEFENSE will be included in the limit per SUIT and the annual aggregate limit shown in the declarations.

3. [NOT APPLICABLE]

***

***Deductibles***

***

E. Defense Reimbursement

From the amounts payable for settlements and defense costs incurred for CUSTOMER COMPLAINT DEFENSE, LABOR RELATED DEFENSE or DESIGNATED STATUTE DEFENSE, WE will deduct the amount shown in the declarations for each SUIT filed against YOU.

14

***

43. Policy Number 279210N contains Coverage Part 660 (General Liability), which contains Injury Group 3, which includes Wrongful Repossession of an AUTO.

44. This Coverage Part provides in relevant part(s):

***

***Insuring Agreement***

A. Injury and Covered Pollution Damages

1. Injury

WE will pay those sums the INSURED legally must pay as DAMAGES because of INJURY to which this insurance applies (including ELECTRONIC ACTIVITIES), caused by an OCCURRENCE arising out of the following hazards when shown in the declarations:

   a. PREMISES HAZARD;
   b. PRODUCTS-COMPLETED OPERATIONS HAZARD;
   c. CONTRACTOR'S HAZARD;
   d. WATERCRAFT HAZARD.

***

3. Defense Obligations and Rights

   a. WE have the right and duty to defend any SUIT asking for DAMAGES or COVERED POLLUTION DAMAGES. WE may investigate and settle any claim or SUIT WE consider appropriate. OUR payment of the limit shown in the declarations ends OUR duty to defend.

   b. WE will not pay DAMAGES, COVERED POLLUTION DAMAGES or defense costs for any OCCURRENCE, claim or SUIT that is not covered by or declared for this coverage part.

   c. If WE defend an INSURED under a reservation of rights, and a court finds that no insurance applies under this coverage part, YOU must reimburse US for all legal expenses and costs paid on YOUR behalf, including OUR legal expenses incurred to determine coverage.

***

*Definitions*

When used in this coverage part:

T.      "PREMISES HAZARD" means the ownership, maintenance or use of the premises scheduled in the declarations and all operations necessary or incidental thereto, except the PRODUCTS-COMPLETED OPERATIONS HAZARD.

\*\*\*

45.      Coverage Part 980 is not shown in the declarations of Policy Number 279210N.

46.      Policy Number 279211N contains Coverage Part 980 (Commercial Umbrella), which contains Injury Group 3, which includes Wrongful Repossession of an AUTO.

47.      The declarations with respect to Coverage Part 980 in Policy Number 279211N contains a section that lists "Underlying Insurance" and describes an Underlying Insurance policy as follows:

UNIVERSAL UNDERWRITERS INS. CO
UNICOVER POLICY #279210M[2]
ACCOUNT #0009967-00
EFFECTIVE 4-30-12 TO 4-30-13
LIMIT OF LIABILTY: $500,000 CSL

48.      Jay Wolfe's Policy Number 279210N has the Account Number "0009967-00" with effective dates of 4-30-12 to 4-30-13.

49.      Coverage Part 980 provides in relevant part(s):

\*\*\*

*Insuring Agreement*

A.  Injury

_____

[2] It is Universal's internal policy that, subject to certain conditions, each year the letter attached to the end of the Policy Number is amended to become the next letter of the alphabet. The Policy Designation for the Underlying Insurance should read "UNICOVER POLICY #279210N" and the parties stipulate to this fact.

WE will pay those sums the INSURED legally must pay as DAMAGES because of INJURY to which this insurance applies (including ELECTRONIC ACTIVITIES), caused by an OCCURRENCE arising out of YOUR business operations.

*** 

C.   This insurance is subject to the terms and conditions of this coverage part, in excess of:

  1.   coverage provided in any UNDERLYING INSURANCE;

       With respect to coverage provided in excess of UNDERLYING INSURANCE, the terms and conditions of UNDERLYING INSURANCE are made a part of this coverage part, except for:

         a.   any contrary provision contained in this coverage part; or
         b.   any provision in this coverage part for which a similar provision is not contained in UNDERLYING INSURANCE.'

       With respect to the exceptions stated above, the provisions of this coverage part will apply.

  2.   amounts payable by all OTHER INSURANCE provided to an INSURED; or

  3.   the RETENTION amount shown in the declarations, when Parts C.1. and C.2. are not applicable.

*** 

*Definitions*

When used in this coverage part:

R.   "INJURY" means the following, when coverage is afforded in the UNDERLYING INSURANCE:

*** 

  3.   Group 3

*** 

         f.   wrongful repossession of an AUTO;

*** 

V.   "OCCURRENCE" means:

17

***

4.  [NOT APPLICABLE]
5.  with respect to INJURY Groups 3, 4, 5 and 6, acts or offenses of the INSURED which result in such INJURY;
6.  [NOT APPLICABLE]

***

ALL INJURY or COVERED POLLUTION DAMAGES arising out of substantially the same general conditions or cause will be considered as arising out of one OCCURRENCE.

OCCURRENCE does not mean any claim or SUIT otherwise covered in the UNDERLYING INSURANCE under AGENT'S E&O, CUSTOMER COMPLAINT DEFENSE, DESIGNATED STATUTE DEFENSE, LABOR RELATED DEFENSE, STATUTE AND TITLE E&O or TRUTH IN LENDING/TRUTH IN LEASING E&O.

***

W.    "OTHER INSURANCE" means a policy of insurance providing coverage that this coverage part also provides.

***

HH.    "UNDERLYING INSURANCE" means the coverage and limits of liability afforded to YOU by the underlying policies of insurance scheduled in the declarations for this coverage part. UNDERLYING INSURANCE does not include any insurance afforded by the Supplemental Limits portion of Coverage Part 330.

50.    Coverage Part 980 contained in Policy Number 279211N contains the following

exclusion.

***Exclusions***

This insurance does not apply to:

***

Y. Defense Reimbursement and E&O

AGENTS E&O, CUSTOMER COMPLAINT DEFENSE, LABOR RELATED DEFENSE, DESIGNATED STATUTE DEFENSE, STATUTE AND TITLE E&O, or TRUTH IN LENDING/TRUTH IN LEASING E&O.

18

***

51.     Universal has filed a First Amended Counterclaim for Declaratory Judgment.

52.     Therein, Universal has alleged that "[n]owhere in their Relief Requested have Underlying Claimants alleged that their vehicles were wrongfully repossessed nor have they sought the return of their vehicles."

53.     Furthermore, Universal has alleged that "[t]he allegations in the Underlying Litigation do not trigger coverage under Coverage Part 500 of Policy Number 279210N, other than CUSTOMER COMPLAINT DEFENSE coverage because the Underlying Claimants have not alleged an 'INJURY' caused by an 'OCCURRENCE' arising out of Jay Wolfe's GARAGE OPERATIONS or AUTO HAZARD. Specifically, Universal has asserted that "the allegations do not trigger Injury Group 3 ("wrongful repossession of an AUTO") under Coverage Part 500 of Policy Number 279210N."

54.     Universal has also alleged that "[t]he allegations in the Underlying Litigation do not trigger coverage under Coverage Part 660 of Policy Number 279210N because the Underlying Claimants have not alleged an 'INJURY' caused by an 'OCCURRENCE' arising out of a 'PREMISES HAZARD.' Universal has specifically asserted that the allegations do not trigger Injury Group 3 ("wrongful repossession of an AUTO") under Coverage Part 660 of Policy Number 279210N.

55.     Universal has also asserted that "the Underlying Claimants have not alleged an 'INJURY' caused by an 'OCCURRENCE' arising out of the ownership, maintenance, or use of Jay Wolfe's premises." Universal has asserted that "coverage is not triggered under Coverage Part 660 of Policy Number 279210N."

56.     Universal has alleged that "[c]overage Part 980 is not shown in the declarations in Policy Number 279210N. Therefore, there is no coverage under Coverage Part 980 because it is not part of Policy Number 279210N."

57.     Universal has asserted that "[t]he only applicable coverage for the claims asserted in the Underlying Litigation is Coverage Part 500, CUSTOMER COMPLAINT DEFENSE contained in Policy Number 279210N."

58.     In Universal's First Amended Counterclaim for Declaratory Judgment, it has requested that this Court enter a judgment as follows:

A.  Declare that coverage under Policy Number 279210N for the claims made against Jay Wolfe in the Underlying Litigation is limited to Coverage Part 500, CUSTOMER COMPLAINT DEFENSE.

B.  Declare that Universal is only obligated to provide defense costs totaling Twenty Five Thousand Dollars ($25,000.00), subject to a deductible of Two Thousand Five Hundred Dollars ($2,500.00) to Jay Wolfe for the claims asserted in the Underlying Litigation. In addition, there is a One Hundred Thousand Dollar ($100,000.00) Large Program Deductible which applies before the maintenance deductible is triggered.

C.  Declare that coverage is excluded under Coverage Part 980 of Policy Number 279211N and that no coverage exists anywhere else in Policy Number 279211N for the claims asserted in the Underlying Litigation.

D.  Grant such other and further relief as this Court deems just and proper under the circumstances.

Respectfully submitted by the undersigned on this 15th day of January, 2014.


STUEVE SIEGEL HANSON, LLP

MCCARTHY, LEONARD & KAEMMERER, L.C.

BY: /s/ Norman E. Siegel
Norman E. Siegel, #44378
Christopher D. Dandurand, #63775
460 Nichols Road., Suite 200
Kansas City, MO 63105
(816) 714-7100 *tel*
(314) 714-7101 *fax*
E-Mail: siegel@stuevesiegel.com
        dandurand@stuevesiegel.com

*Attorneys for Plaintiffs/Counterclaim Defendants Wolfe Automotive Group, LLC and Jay Wolfe Used Cars of Blue Springs, LLC*

BY: /s/ Timothy J. Ahrenhoersterbaeumer
Brian E. McGovern, #34677
James R. Walsh, #35739
Timothy J. Ahrenhoersterbaeumer, #55136
400 South Woods Mill Road, Suite 250
Chesterfield, MO 63017
(314) 392-5200 *tel*
(314) 392-5221 *fax*
E-Mail:  bmcgovern@mlklaw.com
        jwalsh@mlklaw.com
        tima@mlklaw.com

*Attorneys for Defendant/Counterclaim Plaintiff Universal Underwriters Insurance Company*