UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| WOLFE AUTOMOTIVE GROUP, L.L.C. and JAY WOLFE USED CARS OF BLUE SPRINGS, LLC, <br><br> Plaintiffs/Counterclaim Defendants, <br><br> v. <br><br> UNIVERSAL UNDERWRITERS INSURANCE COMPANY, <br><br> Defendant/Counterclaim Plaintiff. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. 4:13-cv-00863-HFS |

## DEFENDANT/COUNTERCLAIM PLAINTIFF UNIVERSAL UNDERWRITERS INSURANCE COMPANY'S SUGGESTIONS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

COMES NOW Defendant/Counterclaim Plaintiff Universal Underwriters Insurance Company ("Universal"), by and through the undersigned counsel, McCarthy, Leonard & Kaemmerer, L.C., and pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.1 and for its Suggestions in Support of its Motion for Summary Judgment, and states as follows:

As an initial matter, in lieu of Universal filing a Separate Statement of Uncontroverted Material Facts in Support of its Motion for Summary Judgment, Plaintiffs/Counterclaim Defendants Wolfe Automotive Group, LLC and Jay Wolfe Used Cars of Blue Springs, LLC (hereinafter collectively referred to as "Jay Wolfe") and Universal have filed a Joint Stipulation of Uncontroverted Facts for Purposes of Summary Judgment ("Joint Stipulation of Facts").

# TABLE OF CONTENTS

I. INTRODUCTION………………………………………………………………….1

II. LAW AND ARGUMENT…………………………………………………………..2

    A. Legal Standard……………………………………………………………….2

    B. Summary Judgment in favor of Universal is appropriate with respect to Coverage Part 500 (Garage) contained in Policy Number 279210N because the allegations in the Underlying Litigation do not trigger a duty to defend or indemnify under Injury Group 3, wrongful repossession of an AUTO……………………………..3

    C. Summary Judgment in favor of Universal is appropriate with respect to Coverage Part 660 (General Liability) contained in Policy Number 279210N because the allegations in the Underlying Litigation do not trigger a duty to defend or indemnify under Injury Group 3, wrongful repossession of an AUTO…………...7

    D. With respect to Coverage Part 980 (Commercial Umbrella) contained in Policy Number 279211N, there is no OCCURRENCE based coverage for the claims raised in the Underlying Litigation and any coverage under CUSTOMER COMPLAINT DEFENSE is excluded………………………………………….…8

    E. Summary Judgment in Favor of Universal is proper as to Jay Wolfe's Claims for Breach of Contract…………………………………………………………….....9

    F. Summary Judgment in Favor of Universal is proper as to Jay Wolfe's Claim for "Vexatious Refusal to Pay." …………………………………………………….10

    G. For the same reasons that Universal is entitled to summary judgment as to Jay Wolfe's First Amended Complaint for Declaratory Judgment and Damages, it is also entitled to summary judgment as to its First Amended Counterclaim for Declaratory Judgment……………………………………………………………11

III. CONCLUSION………………………………………………………………….....12

# TABLE OF AUTHORITIES

**A.     Federal Rules of Civil Procedure**

Fed. Rule Civ. Pro. 56(a)……………………………………………………………….2

**B.     Missouri Revised Statutes**

Mo. Rev. Stat. § 365.100……………………………………………………….……6

Mo. Rev. Stat. §§ 365.101-365.160……………………………………………………5

Mo. Rev. Stat. § 400.9-210(f)…………………………………………………………..5

Mo. Rev. Stat. § 400.613(1)(d)…………………………………………………………5

Mo. Rev. Stat. § 400.614(1)(A)………………………………………………..………5

Mo. Rev. Stat. § 400.615(a)……………………………………………..………..5

Mo. Rev. Stat. § 400.9-616(c)(4)………………………………………………………5

**C.     Cases**

Allen v. Continental Western Insurance Company, 2013 WL 1803476

(Mo. App. E.D. 2010)……………………………………………………………..4

American Family Mutual Insurance Company v. Co Fa Le, et al., 439 F.3d 436

(8th Cir 2006)……………………………………………………………………3

Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986)…………………………….....2

Auto Club Family Ins. Co. v. Jacobsen, 19 S.W.3d 178 (Mo. App. 2000)……………….9

Bell v. LaFont Auto Sales, 85 S.W.3d 50 (Mo. App. E.D. 2002)………………………...5

BSI Constructors, Inc. v. Hartford Fire Ins. Co., 705 F.3d 330 (8th Cir. 2013)………….11

Byrne Fund Management, Inc. v. Jim Lynch Cadillac, Inc., 922 S.W. 2d 434

(Mo. App. E.D. 1996)…………………………………………………………..4

Celotex Corporation v. Catrett, 477 U.S. 317 (1986)…………………………………..2

Dan Nelson Automotive Group v. Universal Underwriters Group, 2008 WL 170084

(D.S.D)……………………………………………………………………………..9

Doe Run Resources Corporation v. Lexington Insurance Company,

719 F.3d 868 (8th Cir. 2013)………………………………………………………….8-9

Fischer v. First American Title Insurance Company, 388 S.W.3d 181

(Mo. App. W.D. 2012)……………………………………………………….……..3, 11

In re Mierkowski, 580 F.3d 740 (8th Cir. 2009)………………………….…………..5

Jones v. First Union Bancorporation, 646 S.W.2d 412 (Mo. App. W.D. 1986)…………..4

Krombach v. Mayflower Ins. Co., 827 S.W.2d 208 (Mo. 1992)…………………………9

Mackey v. Goslee, 244 S.W.3d 261 (Mo. App. S.D. 2008)………………………………4

Merrell v. Consumer Portfolio Services, Inc., 2007 WL 530784 (W.D. Mo. 2007)…..….4

Midwest Bankcentre v. Old Republic Title Company of St. Louis, 247 S.W.3d 116

(Mo. App. 2008)……………………………………………………………………….9-10

Scott v. Twin City State Bank, 537 S.W.2d 641 (Mo. App. W.D. 1976)……………....4

Shelter Mutual Insurance Company v. Shepherd, 928 S.W.2d 6
(Mo. App. E.D. 1996)………………………………………………………………..7

State Farm Mut. Auto. Ins. v. Stockley, 168 S.W.3d 598
(Mo. App. E.D. 2005)………………………………………………………………3

## I. INTRODUCTION

Jay Wolfe asserts that it is entitled to judgment under Universal Policy Number 279210N as the Underlying Claimants have allegedly asserted that Jay Wolfe wrongfully repossessed their automobiles and, thus, have supposedly alleged an "INJURY" caused by an "OCCURRENCE" triggering coverage under Coverage Parts 500 (Garage) or 660 (General) of this Policy. A review of the underlying claim, however, reveals that the Underlying Claimants have not asserted a claim for wrongful repossession of an AUTO on the part of Jay Wolfe. In fact, the Underlying Claimants have admitted that they executed the Security Agreement, that they failed to make one or more installment payments, and that the installment payments were accelerated. *See Joint Stipulation of Facts at Paragraphs 25 and 26 (hereinafter references will be to the Paragraph only).* Nowhere in their Counterclaim have the Underlying Claimants alleged that Jay Wolfe did not have the right to repossess any of the vehicles nor have they sought the return of the vehicles. *See Joint Answer and Counterclaim attached as Exhibit 1 to Joint Stipulation of Facts.* Stated another way, the Underlying Claimants are not claiming damages as a result of being wrongfully deprived of their vehicles. What the Underlying Claimants do allege is that Jay Wolfe improperly asserted certain charges against them in violation of Missouri statutes. As such, the claim is not for the wrongful repossession of an automobile. Therefore, there is no INJURY under Coverage Parts 500 and 660 of Policy Number 279210N and, thus, no OCCURRENCE based coverage under these sections.

As set forth more fully below, despite Jay Wolfe's arguments to the contrary, the only applicable coverage under Policy Number 279210N with effective dates of April 30, 2012 to April 30, 2013, for the claims asserted in the Underlying Litigation, is Coverage Part 500, CUSTOMER COMPLAINT DEFENSE. This coverage is not based on the existence of an

OCCURRENCE but, instead, is triggered upon the filing of a suit by a customer arising out of the sale, lease, rental, service or repair of a Jay Wolfe product. Coverage under this provision is limited to defense costs totaling Twenty Five Thousand Dollars ($25,000.00), subject to a deductible of Two Thousand Five Hundred Dollars ($2,500.00). In addition, there is a One Hundred Thousand Dollar ($100,000.00) Large Program Deductible which applies before the maintenance deductible is triggered. *See Paragraphs 31 and 32*.

Lastly, there is no OCCURRENCE based coverage for the claims raised in the Underlying Litigation under Coverage Part 980 of Policy Number 279211N for the same reasons as set forth above. Moreover, there is no coverage for CUSTOMER COMPLAINT DEFENSE due to a specific exclusion contained in Coverage Part 980. Accordingly, Universal is entitled to judgment as a matter of law with respect to the claims asserted in Jay Wolfe's First Amended Complaint for Declaratory Judgment and Damages and Universal's First Amended Counterclaim.

## II. LAW AND ARGUMENT

### A. Legal Standard

"Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" Celotex Corporation v. Catrett, 477 U.S. 317, 327, 106 S.Ct. 2548, 2555 (1986). Pursuant to Federal Rule of Civil Procedure 56(a) summary judgment shall be granted "…if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The United States Supreme Court ruled in Anderson v. Liberty Lobby, Inc., 477 US 242, 249-250, 106 S.Ct. 2505, 2511 (1986) (citations omitted) that "…there is no issue for trial unless

there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party…If the evidence is merely colorable… or is not significantly probative,…summary judgment may be granted."

> **B. Summary Judgment in favor of Universal is appropriate with respect to Coverage Part 500 (Garage) contained in Policy Number 279210N because the allegations in the Underlying Litigation do not trigger a duty to defend or indemnify under Injury Group 3, wrongful repossession of an AUTO.**

An insurer's duty to defend an insured is determined: "(1) initially by comparing the relevant policy provisions with the allegations of liability in the petition, and then (2) by considering facts the insurer knew or could reasonably have ascertained at the time the action is commenced." Fischer v. First American Title Insurance Company, 388 S.W.3d 181, 189 (Mo App. W.D. 2012). The insured has the burden of proving coverage under an insurance policy. *See* State Farm Mut. Auto. Ins. v. Stockley, 168 S.W.3d 598, 600 (Mo. App. E.D. 2005). *See also* American Family Mutual Insurance Company v. Co Fa Le, et. al., 439 F.3d 436, 439 (8th Cir. 2006) ("Under Missouri law, the insured has the burden of proving coverage, and the insurer has the burden of proving that an insurance policy exclusion applies.") Therefore, Jay Wolfe has the burden of proving that the claims raised in the Underlying Litigation are covered under the Universal Policies.

Jay Wolfe first attempts to argue that coverage exists under Coverage Part 500 contained in Policy Number 279210N which is the Garage Section of the Policy. *See Paragraph 35*. Coverage Part 500 provides that "WE will pay all sums the INSURED legally must pay as DAMAGES because of INJURY to which this insurance applies caused by an OCCURRENCE arising out of GARAGE OPERATIONS or AUTO HAZARD." *See Paragraph 42*. "OCCURRENCE means with respect to Injury Groups 3, 4, 5, and 6 acts or offenses of the INSURED which result in such INJURY." *See Paragraph 42*. Injury Group 3 contained in Coverage Part 500 includes

3

"wrongful repossession of an AUTO." *See Paragraph 42*. Accordingly, Jay Wolfe alleges that: "The claims in the [Underlying Litigation] are a covered injury under Garage Coverage Part 500…..which include coverage for wrongful repossession of an auto." *See Paragraph 35*. Therefore, the central issue in this case is whether the claims raised in the Underlying Litigation allege wrongful repossession of an AUTO under the Universal Policies.

Generally, in the State of Missouri wrongful repossession claims form the basis for a cause of action for conversion. *See* Scott v. Twin City State Bank, 537 S.W.2d 641 (Mo. App. W.D. 1976); Jones v. First Union Bancorporation, 646 S.W.2d 412 (Mo. App. W.D. 1986); Allen v. Continental Western Insurance Company, 2013 WL 1803476 (Mo. App. E.D. 2010). "A cause of action for conversion is based on the wrongful possession of property." Byrne Fund Management, Inc. v. Jim Lynch Cadillac, Inc., 922 S.W.2d 434, 437 (Mo. App. E.D. 1996). It is axiomatic that wrongful repossessions can occur when a creditor repossesses property without a default. *See* Merrell v. Consumer Portfolio Services, Inc., 2007 WL 530784 (W.D. Mo. 2007)("[T]he record establishes Plaintiffs were in default for failing to make monthly payments from December 2002 forward. The Agreement granted CPS the right to repossess the vehicle if Plaintiffs were in default. Therefore, Plaintiffs cannot prevail on their claims of Wrongful Repossession or Conversion.")

Under Missouri law, conversion may be shown by establishing: "(1) a tortious taking; (2) any use or appropriation to the use of the person in possession, indicating claim of right in opposition to the true owner's rights; or (3) by a refusal to give up possession to the owner on demand, even though the defendant's original possession of the property was proper." Mackey v. Goslee, 244 S.W.3d 261, 263-64. In each of these scenarios, "a plaintiff must show title to, or

4

a right of property in, and a right to the immediate possession of the property concerned at the alleged date of conversion." Bell v. Lafont Auto Sales, 85 S.W.3d 50, 54 (Mo. App. E.D. 2002).

The Underlying Claimants have admitted they executed the Security Agreement. *See Paragraph 25*. The Underlying Claimants have further admitted that they failed to make one or more installment payments and that the contract installment payments were accelerated. *See Paragraph 26*. Furthermore, nowhere in their Counterclaim have the Underlying Claimants alleged that Jay Wolfe did not have the right to repossess any of the vehicles, nor have they sought the return of their vehicles. *See Exhibit 1 to Joint Stipulation of Facts*.[1] Accordingly, the undisputed facts demonstrate that the Underlying Claimants have not alleged a claim for wrongful repossession on the part of Jay Wolfe.

What the Underlying Claimants have asserted are claims for Missouri statutory violations with respect to monetary charges asserted by Jay Wolfe. *See Paragraph 7*. *See* In re Mierkowski, 580 F.3d 740, 743 (8th Cit. 2009) ("the Missouri Motor Vehicle Times Sales Act (MVTSA) Mo. Rev. Stat. §§ 365.101-365.160,….regulates installment sales of motor vehicles…..Article 9 and MVTSA both relate to the installment financing of motor vehicles, and should be read *in pari materia*"). First, the Underlying Claimants allege that Plaintiffs violated §§§ 400.9-210(f), 400.613(1)(d), 400.9-614(1)(A). *See Paragraph 13*. The monetary charges alleged in connection with these statutes relate to charges that the creditor is allowed to charge a debtor for an accounting of the debt owed whether the debt is current or not and whether the debtor is in possession of the vehicle or not. Additionally, the Underlying Claimants allege that Jay Wolfe asserted monetary charges in connection with §§ 400.9-615(a), 400.9-616(c)(4), and §

---

[1] In fact, it is noteworthy that the Underlying Claimants assert, "[t]he class of those similarly situated consists of all individuals whose vehicles were repossessed, either *voluntarily* or involuntarily and subsequently sold by [Jay Wolfe]." (*Emphasis Added*). *See Paragraph 21*. This allegation is important because it asserts that the purported class includes individuals who have voluntarily surrendered their vehicles. As such, these individuals could not allege that their vehicles were wrongfully repossessed.

5

365.100, *et. seq.,* that were not allowable. *See Paragraphs 14, 15 and 17.* A review of the Underlying Claimants' allegations regarding these charges asserted under these statutes reveal no allegations that the charges were wrongful because Jay Wolfe had no right to repossess the vehicles. Rather, the Underlying Claimants are simply asserting that Jay Wolfe was not entitled to make such charges under the statutes.

Accordingly, the claims raised in the Underlying Litigation do not trigger Injury Group 3, wrongful repossession of an AUTO. As such, because the Underlying Claimants have not asserted a claim for wrongful repossession of an AUTO, the allegations in the Underlying Litigation do not constitute an "INJURY" caused by an "OCCURRENCE" as defined in Coverage Part 500 contained in Policy Number 279210N. Finally, because there is no potential for coverage under Coverage Part 500 of Policy Number 279210N for wrongful repossession of an AUTO, there is also no duty to defend under Missouri law for that Coverage Part, other than CUSTOMER COMPLAINT DEFENSE.

Based upon the foregoing, coverage for the Underlying Litigation under Policy Number 279210N is limited to CUSTOMER COMPLAINT DEFENSE as a matter of law. Under CUSTOMER COMPLAINT DEFENSE, Universal is obligated as a matter of law to only provide defense costs and not indemnity coverage for any potential verdict in the Underlying Litigation. The limit for the defense costs pursuant to CUSTOMER COMPLAINT DEFENSE is Twenty Five Thousand Dollars ($25,000.00), subject to a deductible of Two Thousand Five Hundred Dollars ($2,500.00). *See Paragraph 31.* Finally, there is a One Hundred Thousand Dollar ($100,000.00) Large Program Deductible in the Policy which applies before the maintenance deductible is triggered. *See Paragraph 32.*

6

**C. Summary Judgment in favor of Universal is appropriate with respect to Coverage Part 660 (General Liability) contained in Policy Number 279210N because the allegations in the Underlying Litigation do not trigger a duty to defend or indemnify under Injury Group 3, wrongful repossession of an AUTO.**

Plaintiff next argues that coverage exists under Coverage Part 660 contained in Policy Number 279210N. This assertion is also premised on the theory that the allegations in the Underlying Litigation constitute wrongful repossession of an AUTO. However, for the reasons stated above, the claims raised in the Underlying Litigation do not trigger Injury Group 3, wrongful repossession of an AUTO. In addition, *assuming arguendo* that the Underlying Claimants had alleged an "INJURY" under the Policy, *which Universal expressly denies*, it should also be noted that the allegations in the Underlying Litigation also do not trigger coverage under Coverage Part 660 of Policy Number 279210N because any such "INJURY" was not caused by an "OCCURRENCE" arising out of "PREMISES HAZARD."

In Shelter Mutual Insurance Company v. Shepherd, 928 S.W.2d 6 (Mo. App. E.D. 1996), an insurance company (Shelter) filed a declaratory judgment action seeking a declaration that it had no duty to defend or indemnify its insured, an attorney (Shepherd), for a lawsuit filed against him by a client. The policy provided "coverage to Shepherd for bodily injury and property damage caused by an occurrence arising out of the ownership, maintenance or use of the insured premises and all necessary or incidental operations. Personal injury is covered if the injury is sustained by any person or organization if it arises out of the ownership, maintenance or use of the insured premises and all necessary and incidental operations." Id. at 8. The trial court entered summary judgment in favor of Shelter and Shepherd appealed. The Court of Appeals, in affirming the judgment of the trial court, held that Shelter had no duty to defend or indemnify the

7

insured because there were no allegations that the alleged damages resulted from the ownership, maintenance, or use of Shepherd's insured premises. Id.

Similarly to Shepherd, *assuming arguendo* that the Underlying Claimants alleged an "INJURY," *which Universal expressly denies*, any such INJURY was not caused by an "OCCURRENCE" resulting from the ownership, maintenance, or use of Jay Wolfe's premises. *See Paragraphs 7 through 26*. Rather, the Underlying Claimants have brought their action as a purported class action against Jay Wolfe for alleged violations of the Uniform Commercial Code and violations of the Motor Vehicle Time Sales Act ("MVTSA"), Chapter 365 RSMo. *See Paragraph 7*. As a result, coverage is not triggered under Coverage Part 660, contained in Policy Number 279210N. Therefore, because no potential for coverage exists under Coverage Part 660 Universal has no duty to defend Jay Wolfe as a matter of law under this Coverage Part.

  **D. With respect to Coverage Part 980 (Commercial Umbrella) contained in Policy Number 279211N, there is no OCCURRENCE based coverage for the claims raised in the Underlying Litigation and any coverage under CUSTOMER COMPLAINT DEFENSE is excluded.**

Finally, Jay Wolfe asserts that coverage exists under Coverage Part 980 contained in Policy Number 279211N. Once again, Jay Wolfe's argument is premised on the belief that the allegations in the Underlying Litigation constitute wrongful repossession of an AUTO. However, for the reasons set forth above, the claims raised in the Underlying Litigation do not trigger Injury Group 3, wrongful repossession of an AUTO and, thus, there is no OCCURRENCE based coverage. In addition to the fact that the allegations in the Underlying Litigation do not constitute wrongful repossession of an AUTO, there is also a specific exclusion in Coverage Part 980 of Policy Number 279211N which excludes coverage for CUSTOMER COMPLAINT DEFENSE. "Where insurance policy terms unambiguously apply, including coverage exclusions, they will be enforced as written." Doe Run Resources Corporation, v.

8

Lexington Insurance Company, 719 F.3d 868, 871 (8th Cir. 2013), *citing* Krombach v. Mayflower Ins. Co., 827 S.W.2d 208, 210 (Mo. 1992); Auto Club Family Ins. Co. v. Jacobsen, 19 S.W.3d 178, 183 (Mo. App. 2000).

As stated above, Coverage Part 980 contained in Policy Number 279211N specifically excludes CUSTOMER COMPLAINT DEFENSE. *See Paragraph 50*. Accordingly, coverage for the claims raised in the Underlying Litigation are specifically excluded under Coverage Part 980 of Policy Number 279211N as a matter of law. *See* Dan Nelson Automotive Group v. Universal Underwriters Group, 2008 WL 170084 *9 (D.S.D)(Court found no umbrella coverage available where the only available underlying insurance was the STATUTE TITLE E&O and Coverage Part 980 expressly excluded coverage for STATUTE TITLE E&O.) As a result, there is no coverage anywhere under Policy Number 279211N for the claims asserted in the Underlying Litigation. Additionally, because no potential for coverage exists under Coverage Part 980 of Policy Number 279211N, Universal has no duty to defend Jay Wolfe as a matter of law.

### E. Summary Judgment in Favor of Universal is proper as to Jay Wolfe's Claims for Breach of Contract.

Counts II and III of Jay Wolfe's First Amended Complaint are purported claims for Breach of Contract alleging a failure by Universal to defend and indemnify Jay Wolfe, respectively. *See Paragraphs 38 and 39.* Pursuant to Missouri law, in order for Jay Wolfe to prevail on such a cause of action, it must prove "(1) the existence of an enforceable contract between the parties; (2) mutual obligations arising under the terms of the contract; (3) one party's failure to perform the obligations imposed by the contract; and (4) the resulting damage to the other party." Midwest Bankcentre v. Old Republic Title Company of St. Louis, 247

9

S.W.3d 116, 128 (Mo. App. 2008). "If a party fails to prove one of the elements of a breach of contract action, his claim fails." Id.

According to Jay Wolfe, Universal has breached the contract of insurance by failing to defend and indemnify Jay Wolfe for the Underlying Litigation.[2] *See Paragraphs 38 and 39*. However, as set forth above, Universal has offered to defend Jay Wolfe pursuant to the CUSTOMER COMPLAINT DEFENSE coverage contained in Coverage Part 500 of Policy Number 279210N. *See Paragraph 29*. Additionally, for the reasons set forth above, coverage does not exist beyond CUSTOMER COMPLAINT DEFENSE, contained in Coverage Part 500 because the Underlying Claimants have not asserted allegations that trigger coverage for wrongful repossession of an AUTO. As such, because Universal has performed its obligations as a matter of law under the Policies, summary judgment in favor of Universal is appropriate as to Counts II and III of Jay Wolfe's First Amended Complaint.

### F. Summary Judgment in Favor of Universal is proper as to Jay Wolfe's Claim for "Vexatious Refusal to Pay."

As set forth above, judgment should be entered in favor of Universal with respect to Counts I through III of Jay Wolfe's First Amended Complaint because coverage for the claims raised in the Underlying Litigation is limited to Coverage Part 500, CUSTOMER COMPLAINT DEFENSE.[3] Therefore, judgment should also be entered in Universal's favor as a matter of law with respect to Count IV of Jay Wolfe's First Amended Complaint seeking damages for "Vexatious Refusal to Pay."

---

[2] As a practical matter, it is impossible for Universal to have breached the contract of insurance for failing to indemnify Jay Wolfe for the Underlying Litigation. *Assuming arguendo* that Universal has a duty to indemnify Jay Wolfe for the claims raised in the Underlying Litigation, *which Universal expressly denies*, there has been no judgment entered against Jay Wolfe in the Underlying Litigation.

[3] Universal has already issued payment to Jay Wolfe for defense costs, pursuant to Coverage Part 500, CUSTOMER COMPLAINT DEFENSE.

10

In BSI Constructors, Inc. v. Hartford Fire Ins. Co., 705 F.330, 334-335 (8th Cir. 2013), the 8th Circuit Court of Appeals determined that the district court properly granted a motion for summary judgment on a vexatious refusal to pay claim because the insurer had no duty to cover the loss. In so doing, the 8th Circuit stated, "[n]ot only is the logic of the district court's decision irrefutable but, more importantly, Missouri precedent compels the result." In reaching this conclusion, the Court cited to Fischer, 388 S.W.3d at 191. (Mo. App. W.D. 2012)("where an insurer had no duty to defend or indemnify under the insurance policy, there cannot be a claim for vexatious refusal to defend or indemnify."). Accordingly, Universal is entitled to summary judgment as to Count IV of Jay Wolfe's First Amended Complaint.

**G. For the same reasons that Universal is entitled to summary judgment as to Jay Wolfe's First Amended Complaint for Declaratory Judgment and Damages, it is also entitled to summary judgment as to its First Amended Counterclaim for Declaratory Judgment.**

As set forth above, the only applicable coverage under Policy Number 279210N with effective dates of April 30, 2012 to April 30, 2013, for the claims asserted in the Underlying Litigation, is Coverage Part 500, CUSTOMER COMPLAINT DEFENSE. As a result, summary judgment in favor is Universal proper on its First Amended Counterclaim because Universal is only obligated to provide defense costs totaling Twenty Five Thousand Dollars ($25,000.00) subject to a deductible of Two Thousand Five Hundred Dollars ($2,500.00) to Jay Wolfe for the claims asserted in the Underlying Litigation. In addition, there is a One Hundred Thousand Dollar ($100,000.00) Large Program Deductible which applies before the maintenance deductible is triggered. Accordingly, Universal is entitled to judgment as a matter of law on Universal's First Amended Counterclaim.

11

### III. CONCLUSION

Based upon the foregoing, summary judgment in Universal's favor is appropriate as to all claims in Jay Wolfe's First Amended Complaint for Declaratory Judgment and Damages and Universal's First Amended Counterclaim for Declaratory Judgment.

MCCARTHY, LEONARD & KAEMMERER, L.C.


By: /s/ Brian E. McGovern
Brian E. McGovern, #34677
bmcgovern@mlklaw.com
James R. Walsh, # 35739
jwalsh@mlklaw.com
Timothy J. Ahrenhoersterbaeumer, #55136
tima@mlklaw.com
400 South Woods Mill Road, #250
Chesterfield, MO 63017
Telephone: (314) 392-5200
Facsimile: (314) 392-5221
*Attorneys for Defendant/Counterclaim Plaintiff
Universal Underwriters Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was filed electronically with the Clerk of Court, therefore to be served by operation of the Court's electronic filing system on this 15th day of January, 2014, upon:

Norman E. Siegel, Esq.
siegel@stuevesiegel.com
Christopher D. Dandurand, Esq.
dandurand@stuevesiegel.com
STUEVE SIEGEL HANSON LLP460 Nichols Road, Suite 200
Kansas City, MO 64112
*Attorneys for Plaintiffs/Counterclaim Defendants Wolfe Automotive Group, L.L.C. and Jay Wolfe Used Cars of Blue Springs, LLC*


/s/ Brian E. McGovern