## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | | |
|---|---|---|
| WOLFE AUTOMOTIVE GROUP, L.L.C. and JAY WOLFE USED CARS OF BLUE SPRINGS, LLC, | ) ) ) ) | |
| Plaintiffs/Counterclaim Defendants, | ) ) | Case No.  4:13-cv-00863-HFS |
| v. | ) ) | |
| UNIVERSAL UNDERWRITERS INSURANCE COMPANY, | ) ) ) | |
| Defendant/Counterclaim Plaintiff. | ) ) | |

## DEFENDANT/COUNTERCLAIM PLAINTIFF UNIVERSAL UNDERWRITERS INSURANCE COMPANY'S RESPONSE TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

### MCCARTHY, LEONARD & KAEMMERER, L.C.

By:  /s/ Brian E. McGovern
Brian E. McGovern, #34677
bmcgovern@mlklaw.com
James R. Walsh, # 35739
jwalsh@mlklaw.com
Timothy J. Ahrenhoersterbaeumer, #55136
tima@mlklaw.com
825 Maryville Centre Drive, Suite 300
Town and Country, Missouri 63017
Telephone: (314) 392-5200
Facsimile: (314) 392-5221
*Attorneys for Defendant/Counterclaim Plaintiff*
*Universal Underwriters Insurance Company*

# TABLE OF CONTENTS

I.      INTRODUCTION…………………………………………………………………………1

II.    LAW AND ARGUMENT……………………………………………………………….2

     A.     The Duty to Defend………………………………………………………….………2

     B.     The plain and ordinary meaning of "wrongful repossession" demonstrates that the allegations in the Underlying Litigation do not implicate Injury Group 3 contained in the Universal Policies…………………………………………………..3

     C.     Assuming *arguendo* that the Underlying Claimants had alleged an INJURY under Coverage Part 660, there would still be no coverage under that part of the policy as the alleged claim does not arise out of a "PREMISES HAZARD" as defined in Coverage Part 660 of Policy Number 279210N…………………………………..7

     D.     There is no OCCURRENCE based coverage under Coverage Part 980 of Policy Number 279211N and any coverage under CUSTOMER COMPLAINT DEFENSE is excluded……………………………………………………....…9

III.   CONCLUSION……………………………………………………………..………...10

i

**TABLE OF AUTHORITIES**

Allen v. Continental Western Insurance Company,

2013 WL 1803476 (Mo. Ct. App. Apr. 30, 2013)…………………………………....…6

Benningfield v. Avemco Ins. Co., 561 S.W.2d 736 (Mo. App. 1978)…………………....3

Byrne Fund Management, Inc. v. Jim Lynch Cadillac, Inc.,

922 S.W.2d 434 (Mo. App. E.D.1996)……….…………………………………….……..6

Dan Nelson Auto. Grp., Inc. v. Universal Underwriters Grp.,

2008 WL 170084 (D.S.D. Jan. 15, 2008).……………………………………….........9

Jones v. First Union Bancorporation, 646 S.W.2d 412 (Mo. App. W.D. 1986)………….6

Merrell v. Consumer Portfolio Servs., Inc.,

2007 WL 530784 (W.D. Mo. Feb. 14, 2007)……………………………………………...6

Scott v. Twin City State Bank, 537 S.W.2d 641 (Mo. App. W.D. 1976)……………….....6

Shapiro Sales Co. v. Alcoa, Inc.,

2006 WL 2228987 (E.D. Mo. Aug. 3, 2006)……………………………….……...….3

Shelter Mutual Insurance Company v. Shepherd, 928 S.W.2d 6

(Mo. App. E.D. 1996)………………………………………………………………………..7

Trainwreck West Inc. v. Burlington Ins. Co., 235 S.W.3d 33

(Mo. App. E.D. 2007)………………………………………………………………..3

Universal Underwriters Co. v. Lou Fusz Automotive Network, Inc.,

401 F.3d 876 (8th Cir. 2005)…………..………….………………………….…4, 6

Universal Underwriters Co. v. Lou Fusz Automotive Network, Inc.,

300 F. Supp.2d 888 (E.D. Mo. 2004)………………………………..………………4, 6

ii

i

# I.    INTRODUCTION

The initial briefs of the parties demonstrate that the issue for this Court to decide is whether the allegations in the Underlying Litigation constitute a claim for wrongful repossession of an AUTO under the terms of the policy.  The parties' arguments can be summarized as follows:

Jay Wolfe argues that coverage is triggered by the alleged assessment of charges in violation of certain Missouri statutes in connection with Jay Wolfe rightfully retaking possession of a vehicle.

Universal argues that coverage is triggered where an injury occurs when Jay Wolfe has no right retake possession of the vehicle.

As set forth in more detail below, Universal's position is correct as a matter of law as the policy at issue provides clearly and unambiguously that an INJURY occurs if there is a "wrongful repossession of an AUTO" and the plain and ordinary meaning of that term is an unlawful retaking of property.   The undisputed facts, however, demonstrate that the Underlying Claimants have not alleged a wrongful taking of their vehicles or any damages as a result of being wrongfully deprived of their vehicles.   In fact, the Underlying Claimants have not sought the return of the vehicles.  To the contrary, the Underlying Claimants have admitted that they executed the Security Agreement, that they failed to make one or more installment payments, and that the installment payments were accelerated. *See Joint Stipulation of Facts at Paragraphs 25 and 26 (hereinafter references will be to the Paragraph only).*  What the Underlying Claimants do allege is that Jay Wolfe improperly asserted certain charges against them in violation of Missouri statutes. Jay Wolfe even refers to these allegations as "the UCC or the MVTSA" claims. *See Jay Wolfe's Memorandum in Support of its Motion for Summary Judgment at Pgs. 4-5 (hereinafter references will be to the*

1

*Memorandum only).* As a result, there is no INJURY under Coverage Parts 500 and 660 of Policy Number 279210N and, thus, no OCCURRENCE based coverage under these sections.

Because the Underlying Claimants have not asserted a claim for wrongful repossession of an AUTO, the only applicable coverage under Policy Number 279210N with effective dates of April 30, 2012 to April 30, 2013, for the claims asserted in the Underlying Litigation, is Coverage Part 500, CUSTOMER COMPLAINT DEFENSE. This coverage is not based on the existence of an OCCURRENCE but, instead, is triggered upon the filing of a suit by a customer arising out of the sale, lease, rental, service or repair of a Jay Wolfe product. Coverage under this provision is limited to defense costs totaling Twenty Five Thousand Dollars ($25,000.00), subject to a deductible of Two Thousand Five Hundred Dollars ($2,500.00). In addition, there is a One Hundred Thousand Dollar ($100,000.00) Large Program Deductible which applies before the maintenance deductible is triggered. *See Paragraphs 31 and 32*.

Additionally, there is no OCCURRENCE based coverage for the claims raised in the Underlying Litigation under Coverage Part 980 of Policy Number 279211N for the same reasons as set forth above. Moreover, there is no coverage for CUSTOMER COMPLAINT DEFENSE due to a specific exclusion contained in Coverage Part 980. Accordingly, Universal is entitled to judgment as a matter of law with respect to each of the claims asserted in Jay Wolfe's First Amended Complaint for Declaratory Judgment and Damages and Universal's First Amended Counterclaim.

## II.  LAW AND ARGUMENT

### A.  Duty to Defend

Under Missouri law, "[a]n insurer does not have a duty to defend where the petition 'upon its face alleges a state of facts which fail to bring the case within the coverage of the policy.'"

Trainwreck West Inc. v. Burlington Ins. Co., 235 S.W.3d 33, 42 (Mo. App. E.D. 2007) (*citation omitted*). "The insurer owes no duty of defense where….the allegations of the claimant's petition and the insurance contract demonstrate that coverage does not apply.'" Id. (quoting Benningfield v. Avemco Ins. Co., 561 S.W.2d 736, 737 (Mo. App. 1978)).

In its opening brief, Jay Wolfe states "[i]f the Policy potentially covers either the UCC or the MVTSA claim, Universal is required to provide a full defense and indemnity in the Underlying Litigation." *Jay Wolfe's Memorandum at Pgs. 4-5*. Accordingly, Jay Wolfe admits that the claims raised in the Underlying Litigation are not for wrongful repossession of an automobile, but rather alleged statutory violations. Because as set forth below, these claims do not allege a state of facts which "bring the case within the coverage of the [Universal policies]," Universal has no duty to defend, and consequently no duty to indemnify Jay Wolfe for the claims raised in the Underlying Litigation.[1]

**B. The plain and ordinary meaning of "wrongful repossession" demonstrates that the allegations in the Underlying Litigation do not implicate Injury Group 3 contained in the Universal Policies.**

Jay Wolfe asserts that Universal Underwriters Co. v. Lou Fusz Automotive Network, Inc., 401 F.3d 876 (8th Cir. 2005) supports its position of coverage under Injury Group 3 wrongful repossession of an AUTO for the claims raised in the Underlying Litigation. Jay Wolfe is wrong as the case actually supports Universal's position in this matter. The underlying claim in Lou Fusz was a class action lawsuit based upon the Telephone Consumer Protection Act ("TCPA"). One of the issues before the District Court was whether there was coverage under the Universal policies

---

[1] *Assuming arguendo* that Universal has a duty to defend, *which Universal expressly denies*, the issue of whether Universal has a duty to indemnify is premature as the underlying litigation is still pending. *See* Shapiro Sales Co. v. Alcoa, Inc., 2006 WL 2228987, at *9 (E.D. Mo. Aug. 3, 2006).

for the TCPA claims under Injury Group 3, which included "private nuisance (except pollution)" and "invasion of the rights of privacy or possession of personal property." Universal Underwriters Co. v. Lou Fusz Automotive Network, Inc., 300 F. Supp.2d 888, 895 (E.D. Mo. 2004). In relying on the plain and ordinary meaning of the respective terms, the District Court concluded that "coverage was implicated by the invasion of privacy, private nuisance and interference with possession of personal property provisions of the policies." Id., *aff'd* Universal Underwriters, 401 F.3d 876 at 882 (8th Cir. 2005).

Jay Wolfe argues that because "the Policy at issue here does not limit or qualify 'wrongful repossession of AUTO' nor set forth technical definitions…..the court should apply ordinary, lay definitions to the terms." *Jay Wolfe's Memorandum at Pg. 6*. Universal agrees. Jay Wolfe further asserts that the term "wrongful repossession of an AUTO" is plain on its face. Once again, Universal agrees. Jay Wolfe also argues that to the extent the term is assumed to be unclear that the Court should apply the "dictionary definition to determine the lay, ordinary, meaning." *Jay Wolfe's Memorandum at Pg. 7*. Universal agrees with this proposition as well.

In its brief, however, Jay Wolfe does not follow its own assertions or the actions of the Lou Fusz court in analyzing the term "wrongful repossession." First, Jay Wolfe tellingly declined to define the term "repossession." There is a good reason for that. The word "repossess" is defined as follows:

1a: to regain possession of

1b: to take possession of (something bought) from a buyer in default of the payment of installments due.

2: to restore to possession." merriam-webster.com. Retrieved January 27, 2014.

Interestingly, when Jay Wolfe does provide definition for "wrongful" it does not cite to a lay dictionary, but rather, refers to *Black's Law Dictionary* (9th ed. 2009). *Jay Wolfe's Memorandum at Pg. 7.* As such, by defining the term "wrongful" vis-à-vis a legal dictionary, Jay Wolfe can hardly argue that it is applying the ordinary, lay definition of the term. While the difference in the definition of "wrongful" in Black's versus Merriam-Webster is negligible, the Merriam Webster definition, which follows, is the proper one:

> 1:  WRONG, UNJUST
>
> 2   a:  having no legal sanction: <u>UNLAWFUL</u>
>
>     b:  having no legal claim < a *wrongful* heir>
>
> <u>merriam-webster.com. Retrieved January 27, 2014.</u>

Accordingly, the plain and ordinary meaning of "wrongful" is "wrong," "unjust,'" "unlawful," or "having no legal sanction" or "having no legal claim." Therefore, based upon the aforementioned definitions, a "wrongful repossession" is an unlawful retaking of property or, more specifically, a retaking of property that is unlawful because the buyer is not in default on his or her installment payments. Accordingly, in order to make a claim for wrongful repossession as defined in plain and ordinary terms, the Underlying Claimants must allege that Jay Wolfe had no legal claim to repossess the vehicles because the buyers were not in default.

Even a cursory review of the Counterclaim in the Underlying Litigation demonstrates that the Underlying Claimants have not alleged that Jay Wolfe did not have the right to repossess any of the vehicles, nor have they sought the return of their vehicles. *See Exhibit 1 to Joint Stipulation of Facts*. To the contrary, the Underlying Claimants have admitted that they executed the Security Agreement, that they failed to make one or more installment payments, and that the contract installment payments were accelerated. *See Paragraphs 25 and 26.* As a result, the plain, ordinary

5

meaning of "wrongful repossession of an AUTO" does not include the claims raised in the Underlying Litigation.

In its brief, Jay Wolfe also mischaracterizes Universal's citation to Missouri law regarding conversion in attempting to shoehorn the present case into the very specific facts involved in the Lou Fusz decision. In Lou Fusz, the insurer argued that there was no INJURY for private nuisance or invasion of privacy under the policy because even though "Congress viewed violations of the Act as 'private nuisances' and as 'invasions of privacy' under ordinary, lay meanings of these phrases…", they were to be defined under the policy as "…the equivalent of the common-law cause of action for private nuisance." Universal Underwriters, 401 F.3d at 881; *See also* Universal Underwriters, 300 F.Supp.2d at 895. However, in finding coverage the 8th Circuit Court of Appeals held that the insurer's "technical and restricted legal definitions" did not govern. Universal Underwriters, 401 F.3d at 882.

In this case, as set forth above, Universal is not arguing that the term "wrongful repossession" has a technical or restricted legal meaning such as a requirement that all elements of a conversion action must be met. Rather, Universal's citation to Missouri case law regarding conversion in its brief is to demonstrate that claims for wrongful repossession generally involve situations where *possession* is alleged to be wrongful *See* Scott v. Twin City State Bank, 537 S.W.2d 641 (Mo. App. W.D. 1976); Jones v. First Union Bancorporation, 646 S.W.2d 412 (Mo. App. W.D. 1986); Allen v. Continental Western Insurance Company, 2013 WL 1803476 (Mo. Ct. App. Apr. 30, 2013). "A cause of action for conversion is based on the wrongful possession of property." Byrne Fund Management, Inc. v. Jim Lynch Cadillac, Inc., 922 S.W.2d 434, 437 (Mo. App. E.D. 1996). *See* Merrell v. Consumer Portfolio Servs., Inc., 2007 WL 530784 (W.D. Mo. Feb. 14, 2007)("[T]he record establishes Plaintiffs were in default for failing to make monthly

6

payments from December 2002 forward. The Agreement granted CPS the right to repossess the vehicle if Plaintiffs were in default. Therefore, Plaintiffs cannot prevail on their claims of Wrongful Repossession or Conversion."). These rulings are entirely consistent with the plain and ordinary meaning of "wrongful repossession" as set forth above and clearly distinct from the allegations raised in the Underlying Litigation where it is admitted that Jay Wolfe had the right to repossess the vehicles. *See Exhibit 1 to Joint Stipulation of Facts*. Therefore, there is no occurrence based coverage under either coverage part 500 or 660 as there are no assertions in the Underlying Litigation alleging any INJURY.

C.  **Assuming *arguendo* that the Underlying Claimants had alleged an INJURY under Coverage Part 660, there would still be no coverage under that part of the policy as the alleged claim does not arise out of a "PREMISES HAZARD" as defined in Coverage Part 660 of Policy Number 279210N.**

Jay Wolfe argues that "[u]nder PREMISES HAZARD, Jay Wolfe is entitled to coverage when a claim arises out of the ownership, maintenance or use of any of the premises scheduled in the declarations and all operations necessary or incidental thereto." *Jay Wolfe's Memorandum at Pg. 8.* Assuming *arguendo* that Jay Wolfe could demonstrate that the allegations in the Underlying Litigation constitute an INJURY, *which Universal expressly denies*, Jay Wolfe's claim would still fail because it offers no support for this self-serving assertion other than to state that "mailing communications necessary for repossession of automobiles and other related processes clearly arises out of the automobile dealership." *Id.*

As set forth in Universal's Suggestions in Support of its Motion for Summary Judgment, in Shelter Mutual Insurance Company v. Shepherd, 928 S.W.2d 6 (Mo. App. E.D. 1996), an insurance company (Shelter) filed a declaratory judgment action seeking a declaration that it had no duty to defend or indemnify its insured, an attorney (Shepherd), for a lawsuit filed against him by a client. In the underlying case the plaintiff alleged the attorney advised him to change

7

corporate minutes and stock certificates, that the attorney executed false minutes of a meeting of shareholders and that the attorney filed false pleadings in court. Id. at 7-8. The policy provided "coverage to Shepherd for bodily injury and property damage caused by an occurrence arising out of the ownership, maintenance or use of the insured premises and all necessary or incidental operations. Personal injury is covered if the injury is sustained by any person or organization if it arises out of the ownership, maintenance or use of the insured premises and all necessary and incidental operations." Id. at 8. The trial court entered summary judgment in favor of Shelter and Shepherd appealed. The Court of Appeals, in affirming the judgment of the trial court, held that Shelter had no duty to defend or indemnify the insured because there were no allegations that the alleged damages resulted from the ownership, maintenance, or use of Shepherd's insured premises. Id.

Assuming *arguendo* that the Underlying Claimants alleged an "INJURY," *which Universal expressly denies*, there are no allegations that any such INJURY was caused by an "OCCURRENCE" resulting from the ownership, maintenance, or use of Jay Wolfe's *premises*. *See Paragraphs 7 through 26*. In fact, there are no allegations whatsoever that any alleged injury resulted from the ownership, maintenance or use of any of Jay Wolfe's dealership premises. *See Exhibit 1 to Joint Stipulation of Facts*. Just as the allegations in Shepherd that the attorney drafted false documents and pleadings did not constitute an allegation that plaintiff's damages resulted from the ownership, maintenance, or use of the insured premises, neither do the allegations in the Underlying Litigation that Jay Wolfe sent out documents that allegedly violated certain Missouri statutes constitute an allegation that the Underlying Claimants' alleged damages resulted from the ownership, maintenance, or use of the Jay Wolfe premises. As a result, coverage is not triggered under Coverage Part 660, contained in Policy Number 279210N because the Underlying Litigation

8

does not allege an "OCCURRENCE" arising of out Jay Wolfe's premises. Therefore, because no potential for coverage exists under Coverage Part 660 Universal has no duty to defend or indemnify Jay Wolfe as a matter of law under this Coverage Part.

**D. There is no OCCURRENCE based coverage under Coverage Part 980 of Policy Number 279211N and any coverage under CUSTOMER COMPLAINT DEFENSE is excluded.**

Finally, Jay Wolfe alleges that coverage exists under Coverage Part 980 contained in Policy Number 279211N. Universal does not dispute that Jay Wolfe has umbrella coverage for certain types of claims under Policy Number 279211N in accordance with the terms and conditions of the policy. However, there is no umbrella coverage under Policy Number 279211N for the claims raised in the Underlying Litigation for the same reasons that coverage is limited to Coverage Part 500, CUSTOMER COMPLAINT DEFENSE under Policy Number 279210N. That is, the allegations asserted by the Underlying Claimants do not trigger Injury Group 3, wrongful repossession of an AUTO, and as such, there is no OCCURRENCE based coverage under Coverage Part 980.

In addition to the fact that the allegations in the Underlying Litigation do not constitute wrongful repossession of an AUTO, there is also a specific exclusion in Coverage Part 980 of Policy Number 279211N which excludes coverage for CUSTOMER COMPLAINT DEFENSE. *See Paragraph 50*. Accordingly, coverage for the claims raised in the Underlying Litigation are specifically excluded under Coverage Part 980 of Policy Number 279211N as a matter of law. *See* Dan Nelson Auto. Grp., Inc. v. Universal Underwriters Grp., 2008 WL 170084, at *9 (D.S.D. Jan. 15, 2008)(Court found no umbrella coverage available where the only available underlying insurance was the STATUTE TITLE E&O and Coverage Part 980 expressly excluded coverage

9

for STATUTE TITLE E&O.)  As a result, there is no coverage anywhere under Policy Number 279211N for the claims asserted in the Underlying Litigation.

### III.   CONCLUSION

Based upon the foregoing, summary judgment in Universal's favor is appropriate as to all claims asserted in Jay Wolfe's First Amended Complaint for Declaratory Judgment and Damages and Universal's First Amended Counterclaim for Declaratory Judgment.  In addition, Jay Wolfe's Motion for Partial Summary Judgment should be denied in its entirety.  Therefore, Universal respectfully requests that this Court enter Judgment as follows:

A.    Declare that coverage under Policy Number 279210N for the claims made against Jay Wolfe in the Underlying Litigation is limited to Coverage Part 500, CUSTOMER COMPLAINT DEFENSE.

B.    Declare that Universal is only obligated to provide defense costs totaling Twenty Five Thousand Dollars ($25,000.00), subject to a deductible of Two Thousand Five Hundred Dollars ($2,500.00) to Jay Wolfe for the claims asserted in the Underlying Litigation.  In addition, there is a One Hundred Thousand Dollar ($100,000.00) Large Program Deductible which applies before the maintenance deductible is triggered.

C.    Declare that coverage is excluded under Coverage Part 980 of Policy Number 279211N and that no coverage exists anywhere else in Policy Number 279211N for the claims asserted in the Underlying Litigation.

D.    Award such other and further relief as this Court deems just and proper under the circumstances.

10

Respectfully submitted this 18th day of February, 2014

**MCCARTHY, LEONARD & KAEMMERER, L.C.**

By: /s/ Brian E. McGovern
Brian E. McGovern, #34677
bmcgovern@mlklaw.com
James R. Walsh, # 35739
jwalsh@mlklaw.com
Timothy J. Ahrenhoersterbaeumer, #55136
tima@mlklaw.com
825 Maryville Centre Drive, Suite 300
Town and Country, Missouri 63017
Telephone: (314) 392-5200
Facsimile: (314) 392-5221
*Attorneys for Defendant/Counterclaim Plaintiff*
*Universal Underwriters Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was filed electronically with the Clerk of Court, therefore to be served by operation of the Court's electronic filing system on this 18th day of February, 2014, upon:

Norman E. Siegel, Esq.
siegel@stuevesiegel.com
Christopher D. Dandurand, Esq.
dandurand@stuevesiegel.com
STUEVE SIEGEL HANSON LLP460 Nichols Road, Suite 200
Kansas City, MO 64112
*Attorneys for Plaintiffs/Counterclaim Defendants Wolfe Automotive Group, L.L.C. and*
*Jay Wolfe Used Cars of Blue Springs, LLC*

/s/ Brian E. McGovern

11